IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joaquin Nevarez, | ) |
| | ) CASE NO 23 CV 5248 |
| | ) District Judge: |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| DynaCom Management, LLC., | ) |
| Ali Setork and Mina Setork | ) |
| Individually | ) |
| Under FLSA and IWPCA | ) |
| As Employers | ) |
| And the Employee | ) |
| Classification Act | ) |
| Pursuant to 820 ILCS 185/63 | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) **ON ALL COUNTS** |
| Defendants. | ) |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff, Joaquin Nevarez, individually, by and through his

undersigned counsel of record, upon personal knowledge as to those allegations in

which he so possesses and upon information and belief as to all other matters,

pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois

Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ), The Illinois

Wage Payment and Collection Act (IWPCA) and the Illinois Classification Act (820

ILCS 185/1) (ICA) and brings this cause of action against Defendant DynaCom

Management, LLC., (Hereinafter referred to as "DynaCom LLC" or "Defendant

DynaCom LLC"), as well as Ali Setork and Mina Setork, individually as "Employers"

under the FLSA, IMWL and ICA and in so doing states the following:

1

## **NATURE OF THE ACTION**

1.     Plaintiff alleges, individually and on behalf of himself and other similarly situated current, former and future employees of the Defendants, (Hereinafter references to "Plaintiffs" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that they, under both federal and state wage laws, were mis-classified as an "independent contractor(s)" thus Defendants did not pay Plaintiff, nor the Collective Member minimum wages, overtime wages, and/or all owed wages due under the FLSA and/or IMWL and/or IWPCA and/or the ICA.

2.     Plaintiff summarizes his claims herein as follows:

   a.  Plaintiff (and collective) were misclassified as "independent contractors" by Defendants, and should have been classified and paid as employees.

   b.  Plaintiffs' (and collective) were not paid time and half for overtime work, rather were paid straight time for overtime work hours.

3.     Plaintiff presents this claim as a collective action via allegations under the FLSA.

4.     Plaintiff was an employee who worked for Defendants at its suburban Chicago Illinois location during the relevant time period, and who was denied his clearly-established rights under applicable federal and state statutes.

5.     As a result of the practices of Defendants described herein, Defendants failed to adequately compensate Plaintiff, as well as those persons similarly-situated to Plaintiff and who Plaintiff seeks to represent—including minimum and overtime wages as required by the FLSA and IMWL.

6.     Plaintiff also brings a claim for failure to pay all agreed and owed wages under the IWPCA. Plaintiff worked a total of 96 hours in the weeks ending March 20, 2021 and March 27, 2021, yet Defendants failed to pay Plaintiff any wages, as supported by

Defendants' own pay records showing a payment of $1,660.00 but also a negative payment of $1,660.00 (resulting in a zero payment) and neither positive nor negative check register shows any pay check number; thus Plaintiff was not paid the owed wages of $1,660.00 within 13 days, and Plaintiff is owed $1,660.00 in agreed-to wages since 3/30/21.

7.    An additional individual IWPCA claim is also brought by Plaintiff. During one period of time during one winter months, Plaintiff was told to clean a parking lot and he became injured while doing this work for Dynacom and the Setorks. Defendants failed to pay Plaintiff his owed wages based on this work injury in violation of the IWPCA Agreements. These claims are also likely also an FLSA/IMWL violations.

## PLAINTIFF NOT FILING AGAINST MLAND

8.    As a point of specifics to ensure that this case does not violate any Bankruptcy Stay, this Plaintiff Joaquin Nevarez, DOES NOT BRING CLAIMS AGAINST MLAND MAINTENANCE LLC.

9.    The entity known as Mland Maintenance LLC., has filed a Bankruptcy on or around June 12, 2023, thus to avoid any violation of any Stay, Plaintiff herein only brings his claims and those of the Collective against the Defendants named in the above caption.

## JURISDICTION AND VENUE

10.    Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

11.    Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

12.     This Complaint also alleges causes of action under the statutes of the State of Illinois, that arise out of the same set of operative facts as the federal causes of action herein alleged; furthermore; these state causes of action would be expected to be tried with the federal claims in a single judicial proceeding.

13.     This Court has supplemental jurisdiction over those additional claims pursuant to 28 U.S.C. § 1367(a).

14.     The acts complained of herein were committed and had their principal effect, as described more fully below, within this District Court; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY DEFENDANT DYNACOM

### DEFENDANT DYNACOM IS AN ENTERPRISE THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE

15.     Defendant Dynacom is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

16.     Defendant Dynacom is an enterprise that regularly and recurrently have at least two employees engaged in commerce.

17.     Defendant Dynacom engages in commerce via receiving payments via banking transactions that are transacted/transmitted to other states, via use of materials from other states and communications with customers from other states.

18.     Plaintiff also pleads individual FLSA Jurisdiction as he handled and used items that were transported in commerce including electrical parts/supplies/equipment,

fuel, oil, grease, machinery, hand tools, road salt and supplies for landscaping and maintenance items for Defendant Dynacom's commercial buildings.

## JURISDICTION BASED ON GROSS SALES
## DEFENDANTS GROSS SALES EXCEED $500,000

19.     Defendant Dynacom is a corporation which operates a construction business and building leasing business in Naperville Illinois, Defendant Dynacom owns a number of large office buildings and constructing more buildings in a "rapidly growing company".

20.     Plaintiff pleds that the Defendant Dynacom sales exceed $500,000.

21.     Defendant Dynacom sales exceed $500,000.00 each year for the last three years.

22.     Defendant Dynacom sales exceed $500,000 as shown by the following:

        a.   Defendants list six large, multiple story commercial office buildings as being owned and managed by Defendants.

**PARTIES**
**A. Plaintiff**

23.     Joaquin Nevarez is a citizen and resident of Illinois. Plaintiff worked as an employee and or "Independent Contractor" for Defendant Dynacom at its place of business located in the State of Illinois, within the area of this Division of this District Court; though Plaintiff was misclassified and should have been classified as an Employee.

24.     Plaintiff worked for the Defendant Dynacom as a construction worker and/or maintenance worker.

5

25.     Plaintiff was classified by Defendant Dynacom as an "Independent Contractor" from approximately 2017 until March of 2021.

26.     During this period of time, Plaintiff was intentionally and improperly classified by Defendant Dynacom as an independent contractor, but in reality he was an employee of Defendant subject to the requirements of the Fair Labor Standards Act, the Illinois Minimum Wage Act.

27.     As a result of Defendant Dynacom intentional misclassification of Plaintiff, he was not paid overtime wages at an overtime rate of pay for work hours over forty.

28.     Plaintiff was paid straight time wages for all hours of work, including overtime hours of work.

   **B. NON-DEFENDANT Mland**

29.     Mland Maintenance LLC., (Hereinafter referred to as "Mland")., is a company located in Naperville Illinois and was also Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the Illinois Minimum Wage Act, from 2019 to 2023.

30.     Defendant Mland listed a number of addresses for its business, nearly all shared the addresses of the Defendant DynaCom LLC.

31.     Mland and DynaCom LLC., are/were joint employers of Plaintiff.

32.     Mland is a shell company created solely to insulate Dynacom LLC., from possible legal liability and to handover money to Defendants' daughters in yet another entity known as "Mland Trust" (not named currently as a Defendant).

33.     Plaintiff Joaquin Nevarez, DOES NOT BRING CLAIMS AGAINST MLAND MAINTENANCE LLC.

34. The entity known as Mland Maintenance LLC., has filed a Bankruptcy on or around June 12, 2023, thus to avoid any violation of any Stay, Plaintiff herein only brings his claims and those of the Collective against the Defendants named in the above caption.

### C. NON-DEFENDANT ALLEN CONSTRUTION

35. Allen Construction., (Hereinafter referred to as "Allen Construction")., is a company located in Naperville Illinois and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the Illinois Minimum Wage Act, from 2006 or 2007 to 2014 or 2015. However Allen Construction stopped operations some time in 2014 or 2015, thus is not named as a Defendant, but Dynacom is named as a joint employer for the overlapping work periods.

36. Allen Construction and DynaCom are/were joint employers of Plaintiff.

37. Allen Construction is a shell company created solely to insulate Dynacom from possible legal liability.

38. Plaintiff worked for Allen Construction and Dynacom beginning in 2017.

### D. Defendant DynaCom LLC.,

39. DynaCom Management, LLC., is a company located in Naperville Illinois and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the Illinois Minimum Wage Act, for all relevant time periods from 2018 to March 30, 2023.

<u>DEFENDANTS ARE JOINT EMPLOYERS OF PLAINTIFF</u>

40. Mland and DynaCom Management LLC., are Joint Employers of the Plaintiff. But Plaintiff is not naming Mland, due to the pending bankruptcy.

41. Allen Construction and DynaCom Management LLC., are Joint Employers of the Plaintiff.

42. Under Section 203(d) of the FLSA, the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."

43. This means that an individual, such as Plaintiff, that is performing a single job may actually have several employers for purposes of the FLSA and the IMWL.

44. Section 791.2(b) of the DOL's regulations provides that two or more employers may be employers" where an employee "performs work which simultaneously benefits both, or works at two or more employers at different times during the workweek," including, for example:

   a. Where there is an arrangement to share the employee's services; or

   b. Where one employer acts directly or indirectly for the other employer in relation to the employee; or

   c. Where the employers share control of the employee because one employer controls, is controlled by, or is under common control with the other employer.

45. Here all three tests for Joint Employment apply, as Plaintiff's services were shared by all the entities mentioned in this Complaint, as Plaintiff performed tasks for the benefit of all these corporations.

46. In cases where joint employment is established, the employee's work for the joint employers during the workweek "is considered as one employment," and the joint employers are jointly and severally liable for compliance, including

paying overtime compensation for all hours worked over 40 during the workweek. 29 C.F.R. 791.2(a)

### DYNACOM LLC IS A SUCCESSOR TO DNYACOM INC

47.   In 2001 Defendant Dynacom Management Inc., was created.

48.   At some point, believed to be in 2018, Dynacom Management, Inc., became Dynacom Management LLC.

49.   The Dynacom LLC., was/is the successor, under FLSA and IMWL, to the Dynacom Inc.

50.   Successor Liability is applicable in this case because the following facts:

   a.   There was a continuity in operations and work force of the successor and predecessor employers;

   b.   There was a notice to the successor-employer of its predecessor's legal obligation; and

   c.   The predecessor has/had no ability to provide adequate relief directly.

51.   There was a continuity in operations and work force of the successor and predecessor employers in that Defendants' kept the same employees, same operations, same business model, same locations, same facilities and the same management/owners, the only substantial change was changing the name on the door.

52.   There was a notice to the successor-employer of its predecessor's legal obligation, as the "new owner" was the same as the "old owner" and had decided to not pay overtime or properly classify its employees for years.

53. The predecessor, DynaCom Inc. likely has/had no ability to provide adequate relief directly, as the Defendant company likely no longer exists, no longer has income, no longer has a profitable buildings being rented or built

54. The "transfer" from Dynacom Inc., to Dynacom LLC., is merely a merger or some other type of corporate reorganization that leaves real beneficiary of the business unchanged, as the business is operating by the same owners/managers and little else substantial was changed, when the operating and profitable business was retained by the original owners.

55. There were no major changes are made in Defendant's operations, Defendants used the same employees, same business plan, same contractual relationship and customers, same managers and owners, same location, same facility, and most of the profits going to the same household (the Setorks).

### INDIVIDUAL DEFENDANTS

56. Ali Setork and Mina Setork are named individually as an "Employers" under the FLSA and IMWL.

57. Ali Setork and Mina Setork manage and control the operation of the Defendants' businesses and dictates the employment policies of the Defendants including but not limited to the decision to classify the Plaintiff as an "independent contractor" and to pay those persons no overtime wages.

58. Individual Defendants made the decisions to classify Plaintiff as an "independent contractor", or keep or enforce the classification of the

Plaintiff as "independent contractor" and/or to reduce Plaintiff's salary due to his quantity of work.

59.    As owners and managers of the Corporate Defendants, Ali Setork and Mina Setork had the power to hire, fire and discipline employees and used that power to handle nearly 100% of the hiring, firing and disciplines of employees.

60.    As owners and managers of the Corporate Defendants, Ali Setork and Mina Setork caused the wage violations by writing or approving the Defendants policy and procedures which included blatant wage violations including a policy to not pay overtime misclassification of Plaintiff and/or reduction of Plaintiff's salary due to the quantity of work being done by Plaintiff and/or the heinous and illegal "must pay back your wages" policy.

61.    Defendants Ali Setork and Mina Setork own and operate the various corporate Defendants and numerous other entities not named but for which Plaintiff did work.

62.    Defendants Ali Setork and Mina Setork had/have day to day control of operations of the Corporate Defendants and Plaintiff's work.

63.    Defendants Ali Setork and Mina Setork also handled the payment (and shortage) of wages to the employees via handling or overseeing the payroll.

64.    Defendants Ali Setork and Mina Setork were aware that each time Plaintiff worked over 40 hours, that Plaintiff was not paid overtime.

65.    Defendants Ali Setork and Mina Setork wrote and/or enforced Defendants written policy and procedure of "the last 2-month's salary need to be returned to Mland" if the worker quits without notice.

## STATEMENT OF FACTS LEADING TO THIS LITIGATION

66.     This case involves a long and sad tale of exploitation of Plaintiff (and others not named in this litigation) for the greed and avarice of the Defendants.

## ALLEN CONSTRUCTION MISCLASSIFIES PLAINTIFF

67.     In approximately 2007 Defendants decided to insulate their bad acts by creating a shell company, Allen Construction,

68.     Allen Construction was operated by Ali Setork's brother Allen Setork.

69.     Plaintiff was "hired" by Allen Construction, believed to have occurred in 2017 but Plaintiff kept doing the exact same job, at the same locations, for the same managers, using the same facilities/tools thus showing that Allen Construction was a joint employer and/or a shell company.

70.      Plaintiff was misclassified as an Independent Contractor by Allen Construction as alleged elsewhere in this complaint.

71.     Plaintiff was paid straight time for his overtime hours by Allen Construction.

72.     Plaintiff also alleges joint employment of Allen Construction with Dynacom LLC., as alleged elsewhere in the complaint.

73.     In 2014 or 2015 Allen Setork, brother of Ali Setork, had some significant family dispute, resulting the brothers screaming at each other and accusations of theft of funds and/or failure to pay promised compensation.

74.     Based on this dispute, Allen Construction was ended and Ali Setork and Mina Setork created yet another false front to hide their illegal payment schemes.

**NAPERVILLE MAINTENANCE MISCLASSIFIES PLAINTIFF**

75.     Defendants' next shell company was called "Naperville Maintenance Inc.,".

76.     Once again Defendants "transferred" the Allen Construction workers, including Plaintiff, to "Naperville Maintenance Inc.,".

77.     Once again Defendants chose to misclassify the workers for Naperville Maintenance by classifying them as Independent Contractors, but retaining control as alleged elsewhere in this complaint.

78.     Once again Defendants chose to pay Plaintiff and others overtime work hours at straight time wages, depriving Plaintiff of his just and earned overtime wages.

**MLAND MISCLASSIFIES PLAINTIFF**

79.     In May of 2019 Defendants again created yet another shell company, Mland Maintenance.

80.     This time the motivation of the Setorks was to funnel ill-gotten funds to a trust established in May of 2019.

81.     The intention of the trust was to funnel money to the Setorks two adult children for various reasons expressed in the trust document.

82.     Once again Defendants "transferred" or "hired" the workers from their other shell company, Naperville Maintenance, to work for Mland.

83.     Once again Defendants misclassified the workers, including Plaintiff, as Independent Contractors.

84.     Once again Defendants failed to pay overtime wages at an overtime rate of pay.

85.     Once again Defendants Mland and Dynacom are and/or were joint employers, however due to the pending Bankruptcy Plaintiff does not name Mland as a Defendant.

### THE LECHUGA LITIGATION

86.     In May of 2022 another misclassified Independent Contractor of Mland, Rodolfo Lechuga, left the work of Mland.

87.     In accord with the Setork's heinous and control minded policy requiring "pay back" of two months of wages, the Setorks refused to pay Rodolfo Lechuga his last paycheck.

88.     On May 8 of 2022 Rodolfo Lechuga retained counsel and filed a lawsuit entitled *Rodolfo Lechuga v. Dynacom Management, Mland Maintenance, Ali Setork and Mina Setork*. (Hereafter referred to as the "Lechuga case").

89.     The case was filed in this District Court and is numbered 22 CV 2415 and was assigned to be heard by the Honorable District Judge Steven Seeger.

90.     Plaintiff Lechuga filed the case based on Defendants' Independent Contractor misclassification and filed on a FLSA Collective basis.

91.     Plaintiff Lechuga also brought Illinois Wage Payment and Collection Act (IWPCA) claims and Illinois Classification Act (ICA) claims.

92.     Plaintiff Lechuga and Defendants attempted to resolve their claims, but that effort appears to be still pending, as Defendants have filed a Bankruptcy to avoid paying what is owed.

### FACTUAL ALLEGATIONS WEEK BY WEEK

93.  As some District Judges require a specific pleading of a specific overtime claim, Plaintiff pleads the following: (however the Plaintiff's claims are not limited to this specific pleading).

94.  Plaintiff Joaquin Nevarrez alleges that the weeks ending February 20 and 27 of 2021 Plaintiff worked 52 hours and 56 hours, and was paid straight time for those overtime hours worked.

95.  Rather than being paid time-and-a-half, Plaintiff was paid straight time, therefore Plaintiff is owed, for those two weeks, 28 hours of half time wages at a half time rate of $8.65 or total owed half time wages for those two weeks of $242.20.

## <u>FACTS SUPPORTING A FINDING OF MISCLASSIFICATION</u>

## MISCLASSIFICATION PURSUANT TO THE ICA

96.  Plaintiff's classification pursuant to the Illinois Classification Act is determined by the following statutory test:

(b) An individual performing services for a contractor is deemed to be an employee of the contractor unless it is shown that:
   (1) the individual has been and will continue to be free from control or direction over the performance of the service for the contractor, both under the individual's contract of service and in fact;
   (2) the service performed by the individual is outside the usual course of services performed by the contractor; and
   (3) the individual is engaged in an independently established trade, occupation, profession or business; or
   (4) the individual is deemed a legitimate sole proprietor or partnership under subsection (c) of this Section.

97.  For Plaintiff none of these tests support Defendants' claim of Contractor status:

    a.  Plaintiff was not free of control, as his work, schedule, tasks and all elements of his employment were subject to control by Defendants.

    b.  The work of the Plaintiff was integral part of the employers' business. Defendants business is providing commercial buildings for lease to businesses and the Plaintiffs and the class's work was/is solely related to that business: the Plaintiffs and class built and/or maintained the Defendants commercial buildings.

    c.  Plaintiff was not engaged in an independent trade or business

      d.  Lastly, Plaintiff was not a sole proprietorship nor a partnership

## MISCLASSIFICATION PURSUANT TO THE IWPCA

98.    Likewise for Plaintiff's IWPCA claims, Defendants classification of Plaintiff as a Contractor is not proper pursuant to the IWPCA test, which is as follows:

The IWPCA creates a presumption that the Plaintiffs are employees, and to rebut that presumption Defendant bears the burden of establishing each of three specific criteria set forth in the IWPCA to rebut that presumption. Specifically, Defendant must establish that 1) the Plaintiff is free from Defendant's control; 2) the Plaintiff performed work outside Defendant's usual course of business or outside all the places of the business of Defendant; and 3) Plaintiff is engaged in an independently established business. 820 Ill. Comp. Stat. 115/2

99.    Defendants can not prove any of these apply, as Plaintiff will testify

    a.  Plaintiff was not free of control, as his work, schedule, tasks and all elements of his employment were subject to control by Defendants.

    b.  The work of the Plaintiff is integral part of the employers' business. Defendants business is providing commercial buildings for lease to businesses and the Plaintiffs and the class's work is solely related to that business: the Plaintiffs and class built and/or maintained the Defendants commercial buildings.

    c.  Plaintiff was not engaged in an independent trade or business

**MISCLASSIFICATION PURSUANT TO THE FLSA AND IMWL**

100.    Plaintiff had little control over the work environment.

101.    Defendants set the rules and had complete control over the work venue, and Plaintiff had to obey Defendants rules or risk everything, including loss of his job. This is the very hallmark of the economic dependence and control of an employer-employee relationship.

102.    Despite being on notice of its violations, Defendants chose to continue to misclassify Plaintiff and withhold wages to them in effort to enhance their profits and continue to misclassify the current work force of Mland today.

103.    Defendants knew that persons such as Plaintiff was an employee that should be paid under the law, and has simply chosen not to pay him properly.

104.    Evaluation of proper classification is a multiple part test, which the Defendants have not properly applied to Plaintiffs in determination of their status, rather Defendants simply assumed incorrectly that the Plaintiffs and other employees were independent contractors, simply because the Defendants declared them to be.

105.    The test for Employee/contractor is found in a US DOL Fact Sheet #13: Am I an Employee?: Employment Relationship Under the Fair Labor Standards Act (FLSA) (revised May 2014).

106.    The elements of this test demonstrate that Plaintiff and the class are not properly classified. The elements are as follows:

1)  the extent to which the work performed is an integral part of the employer's business.

2) Whether the worker's managerial skills affect his or her opportunity for profit and loss.

3) The relative investments in facilities and equipment by the worker and the employer

4) The worker's skill and initiative.

5) The permanency of the worker's relationship with the employer.

6) The nature and degree of control by the employer

107.    Almost none of these factors are in Defendants' favor as alleged as follows:

1)  the extent to which the work performed is an integral part of the employer's business.

The work of the Plaintiff was/is integral part of the employers' business. Defendants business is providing commercial buildings for lease to businesses and the Plaintiff work is solely related to that business: the Plaintiff built and/or maintained the Defendants commercial buildings.

2)  Whether the worker's managerial skills affect his or her opportunity for profit and loss.

For the Plaintiff there was no opportunity for profit or loss, the Plaintiff were paid the same baseline pay. While Plaintiff might have been able to earn commissions or bonuses, they did not have the opportunity to have a loss, thus showing he was not an independent contractor.

3)  The relative investments in facilities and equipment by the worker and the employer

Here Plaintiff made/make no investment other than their time and efforts and a few incidental hand tools and/or use of their vehicles on occasion, while Defendants has made large investments including land investments, building and maintaining large commercial buildings.

4)  The worker's skill and initiative.

a.  Here the Plaintiff's "skills" was simply construction or maintenance of buildings, no specialized skill or initiative was required. Further Defendants provide policy and procedures for work, including how to maintain and build Defendants commercial structures

5) The permanency of the worker's relationship with the employer.

    a. While some members of the class were short time workers, many worked for years.

    b. Plaintiff worked for Defendants for years, starting in 2001.

6) The nature and degree of control by the employer

    a. Here Defendants have excreted strong and consistent control of employees, including: requiring particular hours of work and scheduling hours of work. Plaintiff also was assigned particular tasks on a daily basis and had to report the work done for review by his employers.

## B. The FLSA Collective Action

108. Plaintiff bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Defendants who were, are, or will be employed by Defendants during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, and who assert any of the following claims:

    a. Were misclassified as "independent contractors" by Defendants

    b. not paid time and half for overtime work

109. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiff is similar to the FLSA claims of all construction and/or maintenance employees.

110.    Defendants are liable for improperly compensating Plaintiffs and FLSA
        Collective under the FLSA, and as such notice should be sent to the FLSA
        Collective. There are numerous similarly situated current and former
        employees of Defendants who have been denied the overtime premium
        FLSA. These current, former and future employees would benefit from the
        issuance of a court supervised notice of the present lawsuit and the
        opportunity to join in the present lawsuit. The similarly situated employees
        are known to Defendants and are readily identifiable through Defendants'
        records.

111.    Plaintiffs and all other members of the proposed collective
        have suffered injury, incurred damages and significant financial loss as a result
        of Defendants' conduct complained of herein.

112.    Plaintiff brings claims for relief for violation of the FLSA as a
        collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b),
        on behalf of all persons who were, are, or will be employed by Defendants
        as similarly situated construction and/or maintenance employees improperly
        classified as independent contractors at any time within the applicable statute
        of limitations period, who are entitled to payment of the following types of
        damages:

        (A)    minimum wages for the first forty (40) hours worked each week;

        (B)    overtime premiums for all hours worked for Defendants in
               excess of forty (40) hours in any week;

(C)     improper and/or insufficient taxation effects due to the misclassification, such as employees paying higher rates of taxes and/or Defendants not paying sufficient taxes.

(D)     liquidated damages and attorney's fees for the same

113.    Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

114.    The names and physical and mailing addresses of the FLSA collective action Plaintiff is available from Defendants, and notice should be provided to the FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

115.    The email addresses of many of the FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

116.    Notice of the right to join this lawsuit should be posted conspicuously at Defendants' business in a manner consistent with the orders of this Court.

117.    Plaintiff assert that other current and former persons are similarly situated in that they are and/or were subject to Defendant's same and continuing policy and practice of intentionally misclassifying persons as independent contractors, as opposed to employees, and were not paid the minimum and overtime wages required under the FLSA.

118.    Because the employer never paid unemployment taxes, misclassified employees often do not receive unemployment compensation, thus Plaintiff and collective claim as damages unemployment payments improperly

denied to the class .

119.  Misclassified employees, Plaintiff and **collective**, must pay the employer's share of federal employment taxes, this is also claimed as an additional element of damages.

120.  Plaintiff and collective have the same primary work duties, maintaining or construction of Defendants' buildings.

121.  Plaintiffs and Collective are similarly situated as the Plaintiffs and the collective have the same job duties and/or are subject to the same policy of misclassification: working in construction or maintaining buildings. They are similarly situated also because of the following mirror image policy and procedures:

a. Failure to pay overtime

b. Misclassification resulting in additional taxes ect.


**FIRST CLAIM FOR RELIEF**
**(Individual Claims for Violation of FLSA**
**Against all Defendants**

122.  Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

123.  Defendants violated the FLSA as follows:

   a.  Plaintiff was misclassified as an "independent contractor" by Defendants,

   b.  Plaintiff was not paid time and half for overtime work as described in detail elsewhere in this complaint.

124.  Defendants' conduct and practices, as described above, were willful,

intentional, unreasonable, arbitrary and in bad faith.

125. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning in 2017 due to equitable tolling.

126. Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

## SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of IMWL)

#### Against all Defendants

127. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

128. Defendants violated the IMWL as follows:
   a.   Plaintiff was misclassified as "independent contractors" by Defendant,

   b.   Plaintiff was not paid time and half for overtime work

129. Defendants' conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

130. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the IMWL.

131. Plaintiff names the individual Defendant as alleged elsewhere in this complaint, incorporated herein.

## **PRAYER FOR RELIEF**

WHEREFORE,        Plaintiff respectfully prays that each Defendant be

summoned to appear and answer herein; for orders as follows:

(A)    Certification of and notice to the proposed collective class;

(B)    For an order of this Honorable Court entering judgment in Plaintiff's favor against each Defendant, jointly and severally;

(C)    That the Court award Plaintiff his actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages;

(D)    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et sea., and attendant regulations at 29 C.F.R. §516 et sea..;

(E)     A declaratory judgment that Defendant's practices alleged herein violate the Illinois Minimum Wage Act,

(F)     Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* and attendant regulations at 29 C.F.R. §516 <u>et sea</u>.:

(G)     Judgment for damages for all unpaid regular wages and overtime compensation under the Illinois Minimum Wage Law, and attendant regulations;

(H) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq* in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiffs and members of the Classes during the applicable statutory period;

(I) Judgment for liquidated damages pursuant to the Illinois Minimum Wage Law,. and attendant regulations;

(J) Judgment for any and all civil penalties to which Plaintiffs' and all other similarly situated employees may be entitled;

(K) For an equitable tolling of the statutes of limitations due to violations of applicable laws by Defendant;

(L) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(M) Such other and further relief as this Court may deem necessary, just and proper.

## THIRD COUNT
## IWPCA CLAIMS
### Individual claims for Plaintiff

132.     Plaintiff hereby re-alleges and incorporates by reference

the preceding paragraphs as if they were set forth again herein.

133. Plaintiff also presents individual under the Illinois Wage Payment and Collection Act (IWPCA).

134. Defendant misclassified the Plaintiff as independent contractor, when he was actually an employee under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Com. Stat. 115/2.

135. The IWPCA creates a presumption that the Plaintiff is an employee, and to rebut that presumption Defendant bears the burden of establishing each of three specific criteria set forth in the IWPCA to rebut that presumption. Specifically, Defendant must establish that 1) Plaintiff was free from Defendant's control; 2) Plaintiff perform work outside Defendant's usual course of business or outside all the places of the business of Defendant; and 3) Plaintiff was engaged in an independently established business. 820 Ill. Comp. Stat. 115/2.

136. The Illinois Supreme Court has recognized that "the three statutory requirements for independent contractor status … are comprised of legal terms and concepts…." AFM Messenger Svc., Inc. v. Dept. of Employ. Sec., 198 Ill.2d 380, 392 (2001).

137. The three prong test is conjunctive, if an employer can not satisify each and all of the prongs, then the person must be classified as an Employee for purposes of the IWPCA.

138. Plaintiff was employed by Defendants as an independent contractor, but should have been paid and employed as an employee.

26

139.    Plaintiff brings claims for relief pursuant to the IWPCA for the period of five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint.

140.    Plaintiffs' employment was in the usual course of business for which such service is performed.

141.    Plaintiff does not possess a proprietary interest in the Defendant.

142.    The Defendant is an "employer" under the terms of the IWPCA section 2.

143.    In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation". The Individual Defendants are named as a Defendant under this provision of the IWCPA.

144.    Specifically Defendants repeatedly failed to pay wages Plaintiff earned based on the parties IWPCA Agreements to pay all work hours and/or to pay Plaintiff at a set rate of pay for all hours worked.

145.    Defendants written policy of wage forfeiture is unenforceable, thus failure to pay Plaintiff his March 2021 wages is a violation of the IWPCA agreements to pay for Plaintiff's work time and Defendants failure to pay within the IWPCA statutory period of 13 days.

146.    Plaintiff names the individual Defendants as alleged elsewhere in this complaint, incorporated herein.

WHEREFORE, Plaintiff prays for an order:

27

A.      Declaring that Defendants violated provisions of the IWPCA;

B.      Awarding lost wages and/or final compensation for unpaid wages;

C.      Awarding 2%    and/or 5% monthly interest of the damages amount for each month that Defendant has failed to pay;

;   D.      All costs and attorney's fees incurred in this claim;

E.      Awarding prejudgment interest; and

F.      For such further relief as the Court deems just and equitable.

## COUNT FOUR

## EMPLOYEE CLASSIFICATION CLAIMS

147.  Plaintiff hereby re-alleges and incorporates by reference the preceding paragraphs as if they were set forth again herein

148.  Plaintiff worked for Defendants in the construction industry.

149.  Defendants classified Plaintiff as an "Independent Contractor".

150.  In accord with the provisions of ECA the Plaintiff was misclassified, as described elsewhere in this complaint in detail, and as a result he was not paid overtime wages at an over time rate of pay.

151.  Defendants willfully violated the ECA, thus penalties are due as per ECA 820 ILCS 185/45 (b)

WHEREFORE Plaintiff asks for the following statutory remedies:

(1) the amount of any wages, salary, employment

benefits, or other compensation denied or lost to the person by reason of

the violation, plus an equal amount in liquidated damages;

(2) compensatory damages and an amount up to $500 for

each violation of this Act ( $500 per day of work) or any rule adopted

under this Act;

(3) attorney's fees and costs.

4) any provision or penalty found to be recoverable pursuant to the ECA.

## JURY TRIAL DEMANDED

**Respectfully Submitted by __/S/John C. Ireland**
**The Law Office of John C. Ireland**
**636 Spruce Street South Elgin ILL 60177**
**630-464-9675**
**Fax 630-206-0889**
**Attorneyireland@gmail.com**

**Dated: August 9, 2023**