# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Joaquin Nevarez, | ) |
|     Plaintiff, | ) |
| | ) Case No.: 1:23-cv-05248 |
| v. | ) |
| DynaCom Management, LLC., | ) Honorable Jeremy C. Daniel |
| Ali Setork and Mina Setork, Individually | ) |
|     Defendants. | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT IN ITS ENTIRETY

Stephanie M. Dinkel, Esq.
Koehler Dinkel LLC
900 S. Frontage Rd., Suite 300
Woodridge, Illinois 60517
Email: sdinkel@kdllclaw.com
Tele: 630-505-9939

**Counsel for Defendants**

i

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION**………………………………………………………………………...…1

**LEGAL STANDARDS**………………………………………………………………...…2

**ARGUMENT**………………………………………………………………………...…3

    I.    PLAINTIFF'S FAC SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(7) FOR FAILURE TO NAME AN INDISPENSABLE PARTY…………………….....…3

    II.    ADDITIONALLY, PLAINTIFF'S FLSA (Count I), IMWL (Count II), AND ECA (Count IV) CLAIMS ALLEGED PRIOR TO AUGUST 2020, ARE TIME BARRED AND SHOULD BE DISMISSED……………………………………………………...…7

    III.    MOREOVER, PLAINTIFF'S FLSA COLLECTIVE ALLEGATIONS SHOULD BE STRICKEN OR DISMISSED AS THE FAC MAKES CLEAR THAT CERTIFICATION IS INAPPROPRIATE………………………………...…………10

    IV.    FURTHER, IN ADDITION, ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(1) AND 12(B)(6) IN THEIR ENTIRETY BECAUSE PLAINTIFF LACKS STANDING TO SUE EACH DEFENDANT AND FAILS TO STATE A CLAIM……………………………………………………...13

    V.    LASTLY, IN ADDITION, PLAINTIFF'S IWPCA CLAIM (Count III) SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) AS PLAINTIFF FAILS TO STATE A CLAIM………………………………………………….…………………………17

## TABLE OF CASES

**Cases**

*ADR Tr. Corp. v. Wood*,
  870 F. Supp. 797 (W.D. Tenn. 1994)……………………………………………………9

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009)………………………………………………………………2

*Askew v. Sheriff of Cook Cty.*,
  568 F.3d 632 (7th Cir. 2009) …………………………………………………..……2

*Bah v. Enter. Rent-A-Car Co. of Boston, LLC*,
  CV 17-12542-MLW, 2023 WL 7004231 (D. Mass. Oct. 24, 2023)………………………7

*Berger v. Nat'l Collegiate Athletic Ass'n*,
  843 F.3d 285 (7th Cir. 2016) ………………………………………………………13

*Beyer v. Michels Corp.*,
  21-CV-514-PP, 2022 WL 901524 (E.D. Wis. Mar. 28, 2022) …………………………11

*Bohr v. Corrigan Moving Sys.*,
  09-C-4281, 2009 WL 3517748 (N.D. Ill. Oct. 29, 2009) ………………………………16

*Boyce v. SSP America MDW, LLC*,
  19-cv-2157, 2019 WL 3554153 (N.D. Ill. July 31, 2019) ………………………………..3

*Brand v. Comcast Corp.*,
  12-cv-1122, 2013 WL 1499008 (N.D. Ill. Apr. 11, 2013) …………………………...…17, 18

*Brown v. Lululemon Athletica, Inc.*,
  10-cv-05672, 2011 WL 741254 (N.D. Ill. Feb. 24, 2011) ………………………………17

*Capitol Leasing Co. v. Fed. Dep. Ins. Corp.*,
  999 F.2d 188 (7th Cir. 1993) ………………………………………………………...5

*Cavallaro v. UMass Mem'l Healthcare, Inc.*,
  678 F.3d 1 (1st Cir. 2012) ………………………………………………………...6

*Clark v. Pizza Baker, Inc.*,
  2:18-CV-157, 2018 WL 2119309 (S.D. Ohio May 8, 2018) …………………………10

*Corcoran v. Chicago Park Dist.*,
  875 F.2d 609 (7th Cir. 1989) ………………………………………………………...3

*Davis v. Abington Mem'l Hosp.*,
817 F.Supp.2d 556 (E.D. Pa. 2011) …………………………………………………...15

*English v. Cowell*,
10 F.3d 434 (7th Cir. 1993) …………………………………………………………….5

*Freeman v. Total Sec. Mgmt.-Wis., LLC*,
12 C 461, 2013 WL 4049542 (W.D. Wis. Aug. 9, 2023) ………………………………11

*Gutierrez v. Harkleroad*,
11 C 162, 2011 WL 4023869 (M.D.N.C. Sept. 9, 2011) …………………………………9

*Hickey v. O'Bannon*,
287 F.3d 656 (7th Cir. 2002) …………………………………………………………...3

*Hill v. Wells Fargo Bank, N.A.*,
946 F. Supp. 2d 817 (N.D. Ill. 2013) …………………………………………………11

*Hughes v. Scarlett's G.P., Inc.*,
15-CV-5546, 2016 WL 454348 (N.D. Ill. Feb. 5, 2016) …………………………....15, 16

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*,
826 F. Supp. 2d 1180 (C.D. Cal. 2011) …………………………………………....…1

*Ivery v. RHM Franchise Corp.*,
280 F. Supp. 3d 1121 (N.D. Ill. Dec. 8, 2017) ………………………………………..…16

*Jaramillo v. Garda, Inc.*,
12 C 662, 2012 WL 1378667 (N.D. Ill. Apr. 20, 2012) ………………..……………17, 18

*Jones v. iGo Mktg. and Ent. LLC*,
1:22-CV-03095-JRR, 2023 WL 5880152 (D. Md. Sept. 11, 2023) ………………………8

*Ladik v. Wal-Mart Stores, Inc.*,
291 F.R.D. 263 (W.D. Wis. 2013) …………………………………….………………11

*Lawrence v. Florida*,
549 U.S. 327 (2007) ……………………………………………………………………8

*Lechuga v. DynaCom Mgmt. LLC et al.*,
22-cv-02415 (N.D. Illinois) …………………………………………...4, 5, 6, 12

*Lemon v. Aurora Health Care N. Inc.*,
19-CV-1384, 2021 WL 689550 (E.D. Wis. Feb. 23, 2021)..…………………………..12

iv

*Lewis v. Casey,*
    518 U.S. 343 (1996) …………………………………………………………..13

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)…………………………………………………………...13

*Magellan Int'l Corp. v. Salzgitter Handel,*
    76 F.Supp.2d 919 (N.D. Ill. 1999)…………………………………………….10

*Magleby Constr. Sun Valley, LLC v. SP Hotel Owner LLC,*
    CV 22-58-BU-DLC, 2023 WL 5510601 (D. Mont. Aug. 25, 2023) ……………………..4

*McColley v. Casey's General Stores,*
    627 F. Supp. 3d 972 (N.D. Ind. 2022) ……………………………………7, 9, 11, 12

*Mell v. GNC Corp.,*
    CIV.A. 10-945, 2010 WL 4668966 (W.D. Pa. Nov. 9, 2010) …………………………...12

*Menominee Indian Tribe of Wis. v. United States,*
    136 S. Ct. 750 (2016)………………………………………………………...8

*Moore v. Ashland Oil, Inc.,*
    901 F.2d 1445 (7th Cir. 1990)…………………………………………………..4

*Ostopowicz v. United Healthcare,*
    20-CV-1879-SCD, 2021 WL 3828663 (E.D. Wis. May 19, 2021) ………………………7

*O'Shea, et al. v. Littleton, et al.,*
    414 U.S. 488 (1974) …………………………………………………………..13

*Pace v. DiGuglielmo,*
    544 U.S. 408 (2005) …………………………………………………………8

*Palmer v. Great Dane Trailers,*
    05-cv-1410, 2005 WL 1528255 (N.D. Ill. June 28, 2005) ………………………………18

*Potter v. Cardinal Health 200, LLC,*
    381 F. Supp. 3d 729 (E.D. Tex. 2019) …………………………………….....10, 11

*Rodriquez v. DynaCom Mgmt. LLC et al.,*
    23-cv-02893 (N.D. Illinois) …………………………………………………6

*Rios v. Alameida,*
    102 Fed.Appx. 582 (9th Cir. 2004)……………………………………………...9

*Sharpe v. Jefferson Distrib. Co., Inc.*,
   94-cv-7523, 1996 WL 31177 (N.D. Ill. Jan. 24, 1996) …………………………………...5

*Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.*,
   782 F.3d 922 (7th Cir. 2015) …………………………………………………………...9

*Silha v. ACT, Inc.*,
   807 F.3d 169 (7th Cir. 2015)…………………………………………………..……….2, 13

*Skelton v. Am. Intercont, Univ. Online*,
   382 F. Supp. 2d 1068 (N.D. Ill. 2005) …………………………………………………..18

*Small v. Chao*,
   398 F.3d 894 (7th 2005)……………………………………………………………...…..7

*Smith v. C.H. James Rest. Holdings, L.L.C.*,
   11-cv-5545, 2012 WL 255806 (N.D. Ill. Jan. 26, 2012) ………………………………...17

*Stubbs v. McDonald's Corp.*,
   224 F.R.D. 668 (D. Kan. 2004) ………………………………………………………….11

*Thomas v. United States*,
   189 F.3d 662 (7th Cir. 1999) …………………………………………………………...2

*Transit Exp., Inc. v. Ettinger*,
   246 F.3d 1018 (7th Cir. 2001) …………………………………………………………...2

*Vasquez v. Kingston*,
   422 F. Supp. 2d 1006 (E.D. Wis. 2006) ………………………………………………….8

*White v. Classic Dining Acquisition Corp. et al.*,
   11-cv-712-JMS-MJD, 2012 WL 1252589 (S.D. Ind. Apr. 13, 2012) ………………..……2

*Zampos v. W & E Commun., Inc.*,
   970 F. Supp. 2d 794 (N.D. Ill. 2013) …………………………………………………15

NOW COME Defendants DynaCom Management, LLC; Ali Setork; and Mina Setork by and through their attorneys, Koehler Dinkel LLC, and pursuant to FRCP 12(b)(7) (for failure to join a necessary party), and in addition 12(b)(1) (due to a lack of standing), and 12(b)(6) (failure to state a claim), 12(f) (to strike collective allegations) and, hereby move this Court for an Order dismissing Plaintiff's First Amended Complaint ("FAC") in its entirety for the reasons stated herein. Defendants submit this Memorandum of Law in Support of their Motion to Dismiss, filed simultaneously herewith.

## **INTRODUCTION**

When faced with Defendants' Motion to Dismiss Plaintiff's original complaint, Plaintiff sought leave to amend. Despite being put on notice of the deficiencies in his complaint and despite adding 22 additional pages for a total of a 49-page First Amended Complaint (and more than 233 paragraphs), Plaintiff failed to cure all of the defects and only further complicated this matter. Plaintiff's FAC continues to suffer from many pleading deficiencies and should be dismissed for the following reasons: (1) pursuant to Rule 12(b)(7) for failure to name a necessary party; and in addition (2) pursuant to Rule 12(b)(1) for lack of standing, pursuant to 12(b)(6) for failure to state a claim, and pursuant to 12(f) to strike (or dismiss) collective allegations.

## **LEGAL STANDARDS**

### **A. Federal Rule of Civil Procedure 12(b)(7).**

Motions to dismiss due to the failure to add a necessary party (or to compel joinder) are brought pursuant to Rule 12(b)(7). When evaluating a Rule 12(b)(7) motion to dismiss for failure to join a necessary party, the Court accepts all well-pled allegations in the complaint as true and may consider extrinsic evidence. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1196-97 (C.D. Cal. 2011). Analysis of a Rule

1

12(b)(7) motion proceeds in two steps. First, the Court determines whether a party is one that should be joined, if feasible, i.e. a "necessary party." *Askew v. Sheriff of Cook Cty.*, 568 F.3d 632, 635 (7th Cir. 2009); Fed. R. Civ. P. 19(a). Second, where the Court decides a party is necessary but cannot be joined, the Court must then determine whether the party is indispensable to the action. *Thomas v. United States*, 189 F.3d 662,667 (7th Cir. 1999).

### B. Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Challenges to subject-matter jurisdiction can be facial or factual; here, Defendants bring both a facial and factual attack pursuant to FRCP 12(b)(1). "Factual attacks require an exploration beyond the pleadings and no presumption of truthfulness is afforded the allegations of a complaint." *White v. Classic Dining Acquisition Corp. et al.*, No. 11-cv-712-JMS-MJD, 2012 WL 1252589, at *1 (S.D. Ind. Apr. 13, 2012). "A factual challenge contends that there is *in fact* no subject matter jurisdiction, even if the pleadings are formally sufficient." *See Silha v. ACT, Inc.*, 807 F.3d 169, 170 (7th Cir. 2015) (internal citations and quotations omitted). "In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id.* Further, upon challenge, "it is the plaintiff[s'] burden to establish [their] standing or the existence of subject-matter jurisdiction." *Id.* Here, despite his allegations, Plaintiff lacks standing to sue DynaCom Management LLC as there is no employment (or even contractor relationship) between DynaCom Management LLC and Plaintiff. *See White*, 2012 WL 1252589 at *1.

In deciding a motion to dismiss brought pursuant to 12(b)(1) (facial attack) and similarly under 12(b)(6), the Court must assume the truth of all facts alleged in the complaint and must construe the allegations liberally and view them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir.

2001). However, the court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *Boyce v. SSP America MDW, LLC*, No. 19-cv-2157, 2019 WL 3554153, at *4 (N.D. Ill. July 31, 2019) (ignoring "formalistic labels or common law concepts of agency" in determining whether an employer-employee relationship exists). A motion to dismiss should be granted if the complaint fails to state a claim that entitles the plaintiff to relief. *See Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). Indeed, the purpose of a Rule 12 motion is to dispose of claims, like the ones at issue in the instant complaint, for which there is no subject matter jurisdiction based on a lack of standing and no legal or factual basis for the claims. *See White*, 2012 WL 1252589 at *1.

### C. Federal Rule of Civil Procedure 12(f).

Additionally, under Rule 12(f), this Court may strike Plaintiff's Complaint to the extent it is "redundant, immaterial, impertinent or scandalous."

### ARGUMENT

## I. PLAINTIFF'S FAC SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(7) FOR FAILURE TO NAME AN INDISPENSABLE PARTY.

Despite being put on notice of his failure to join an indispensable party, Plaintiff failed to cure this defect. Plaintiff's FAC should be dismissed in its entirety pursuant to 12(b)(7) for failure to join a necessary party—MLand Maintenance, LLC. A party is necessary if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1). "The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a

single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990) (affirming district court's granting of motion to dismiss where the plaintiff failed to join party indispensable party). *See also Magleby Constr. Sun Valley, LLC v. SP Hotel Owner LLC*, CV 22-58-BU-DLC, 2023 WL 5510601, *3-4 (D. Mont. Aug. 25, 2023) (granting motion to dismiss complaint pursuant to Rule 12(b)(7)).

MLand is a necessary party to this action in accordance with Rule 19(a). Plaintiff claims that he was misclassified by MLand, admits that MLand was his "direct employer", yet seeks to impose liability only on DynaCom, LLC, as to circumvent MLand's bankruptcy status. ECF No. 17 ¶6, 9, 84; *See also Lechuga Litigation*, which was brought on a collective basis, ECF No. 1 ¶¶24-25 ("Plaintiff was classified by Mland as an Employee. Alternatively, Plaintiff was classified by Mland as an "independent contractor."). First, complete relief cannot be accorded without MLand, as it was the entity Plaintiff contracted with, as the alleged direct "employer", and the entity that Plaintiff pleads allegedly misclassified him. *See e.g.*, *Id.* ¶6, 84-85, 139 "MLAND MISCLASSIFIES PLAINTIFF". Plaintiff alleges in his FAC that MLand was "Plaintiff's employer", his "direct employer", and that "Mland and DynaCom LLC., are/were joint employers of Plaintiff." ECF No. 17 ¶9, 58, 60, 84, 85[1], 86, 92.

In addition, and importantly, Plaintiff produced documents showing compensation records as exhibits to his motion for FLSA collective notice, which are labeled as "MLAND Payroll Report" and bates stamped as "MLAND" documents (not Dynacom LLC), which Plaintiff's

---

[1] Despite expressly pleading that MLand was the "direct employer" (¶85) that "MLand MISCLASSIFIES PLAINTIFF" (¶139) and similar allegations, Plaintiff later further confuses the issues and alleges inconsistently that "[t]he employer of Plaintiff was DynaCom LLC, Ali and Mina Setork, not Mland" (¶156) and that Plaintiff was classified "BY DynaCom LLC, Ali Setork, and Mina Setork (¶158)[.]" Plaintiff's attempts to avoid MLand only result in his complaint being inconsistent throughout.

counsel received from production in presumably other litigation, the *Lechuga* matter, (given MLand is not a party to this case). ECF No. 4-1, pgs. 10-21[2]. Despite having these documents, Plaintiff attempts to plead around this, while at the same time, in the only factual example in his FAC admits that MLand paid his wages. ECF 17 ¶153-155. The format of the compensation paid to Plaintiff by MLand is the underlying dispute at hand in this action.

Further, when referring to Plaintiff's counsel's other litigation, the *Lechuga* matter, Plaintiff pleads "[i]n May of 2022, another misclassified Independent Contractor *of* MLand, Rodolfo Lechuga, left *the work of Mland*. ECF No. 17 ¶146 (emphasis added). Plaintiff notes throughout that MLand is in bankruptcy and that the *Lechuga* litigation is stalled due to MLand's bankruptcy. ECF 17 ¶37-38, 62-63, 84, 152. To circumvent the implications of a bankruptcy stay in this matter, Plaintiff is "NOT FILING AGAINST MLAND" and "DOES NOT BRING CLAIMS AGAINST MLAND" and purports to bring claims only against DynaCom LLC—the alleged "joint employer". ECF 17 ¶37, 38, 62-63. Plaintiff also seeks a "declaratory judgment under 28 U.S.C. §§ 2201 and 2202" (ECF 17 ¶39) and a "declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act" and "Illinois Minimum Wage Act" among other relief relating to wages paid and related damages under the IWPCA and ECA. Therefore, Plaintiff must seek relief from MLand, not the named Defendants, and full relief will not be possible as against the currently named Defendants. Thus, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(7) for his failure to join MLand—an indispensable party. *Sharpe v. Jefferson Distrib. Co., Inc.*, 94-cv-7523, 1996 WL 31177 (N.D. Ill. Jan. 24, 1996).

Even if this court finds that Plaintiff can seek relief from the named Defendants, Plaintiff's

---

[2] In ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence. *See English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993); *Capitol Leasing Co. v. Fed. Dep. Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993).

relationship and contractor status with and resulting compensation from MLand is a principal issue in this case for imposing liability on defendants—making MLand a necessary party. *See e.g.*, *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9-10 (1st Cir. 2012) ("some direct employer needs to be identified before anyone in a group could be liable" on a joint-employer theory). As such, without MLand as a named Defendant, MLand will be unable to protect its interest. Specifically, if it is not a party in this action, MLand cannot defend itself as to Plaintiff's allegations of the existence of an alleged employment relationship (and not a contractor relationship) with Plaintiff, or a "joint employer" relationship with the named Defendants (and non-named defendants), nor can it address Plaintiff's request for relief of "declaratory judgment" among other factors. Further, despite Plaintiff essentially pleading that DynaCom and MLand are one in the same and that any work for MLand is work for DynaCom, to defend against these claims without MLand present hinders both DynaCom and MLand's interests. If this matter proceeds without MLand, it will disregard the separate legal corporate structures of each entity—as DynaCom and MLand are not the same company. This analysis is even more important here as Plaintiff alleges *collective* allegations against Defendants based off of an alleged relationship with MLand.

Additionally, if MLand is not a party in this lawsuit, it could lead to double, multiple, or otherwise inconsistent obligations for both DynaCom LLC and MLand. This element is of particular importance in this matter as the same claims are asserted in two additional lawsuits which are not simply hypothetical but are active at this very time—*Rodriquez v. DynaCom Mgmt. LLC et al.*, 23-cv-02893 (Rowland, J.) and *Lechuga v. DynaCom Mgmt. LLC et al.*, 22-cv-02415 (Seeger, J.) (pled collectively)—both in which MLand is named and faced with defending similar allegations. Fed. R. Civ. P. 19(a)(1)(B)(ii); ECF No. 17 ¶¶151-152. Thus, under both tests of Rule

19, MLand is a necessary party, and Plaintiff's entire FAC should be dismissed accordingly, pending joinder of the necessary party.

## II. ADDITIONALLY, PLAINTIFF'S FLSA (Count I), IMWL (Count II), AND ECA (Count IV) CLAIMS ALLEGED PRIOR TO AUGUST 2020, ARE TIME BARRED AND SHOULD BE DISMISSED.

In addition to dismissing the entire FAC pursuant to Rule 12(b)(7), the Court should dismiss Plaintiff's FAC with prejudice to the extent his claims are time barred. The statutory period pursuant to the FLSA (assuming willfulness), IMWL, and ECA is 3 years. *See* 29 U.S.C. §255(a); 820 ILCS 105/12(a); 820 ILCS 185/60(b). Thus, any claims arising three years prior to the filing of the original complaint, August 9, 2023, or before August 9, 2020, are time barred. *See Small v. Chao*, 398 F.3d 894, 898 (7th 2005) (granting motion to dismiss time barred claims and finding that "a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred").

Despite this standard, Plaintiff now seeks to toll the statute of limitations back to 2016—*4 years longer* than the maximum statute of limitations allows. In order to plead a claim for equitable tolling in the FLSA context, "[a]n individual . . . [must] demonstrate two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way to prevent timely filing." *McColley v. Casey's General Stores*, 627 F. Supp. 3d 972, 978 (N.D. Ind. 2022) (conducting a thorough analysis of equitable tolling and finding in an FLSA case that "equitable tolling is an extraordinary remedy and cannot be exercised absent evidence of reasonable diligence"); *Bah v. Enter. Rent-A-Car Co. of Boston, LLC*, No. CV 17-12542-MLW, 2023 WL 7004231, at *8 (D. Mass. Oct. 24, 2023) (denying motion for equitable tolling in FLSA case where the plaintiff failed to show that he exercised diligence and that extraordinary circumstances existed); *Ostopowicz v. United Healthcare*, No. 20-CV-1879-SCD, 2021 WL 3828663, at *3 (E.D. Wis. May 19, 2021) (granting motion to dismiss and finding that even allegations of a mental

illness are insufficient to plead a claim for equitable tolling). As the Supreme Court has held, "[f]ailure to show *either element* will disqualify him from eligibility for tolling." *Jones v. iGo Mktg. and Ent. LLC*, No. 1:22-CV-03095-JRR, 2023 WL 5880152, at *5 (D. Md. Sept. 11, 2023) (emphasis added, quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016)); *See also Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007) (rejecting equitable tolling without addressing diligence because habeas petition could not show extraordinary circumstances); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (without resolving litigant's argument that he had shown extraordinary circumstances, finding that "he would not be entitled to relief because he has not established the requisite diligence").

Here, Plaintiff fails to plead the two required elements of equitable tolling—that he had been pursuing his rights diligently and that some extraordinary circumstance stood in his way. First, there is absolutely no allegations that Plaintiff exercised even the barest of due diligence to preserve his legal rights. *Jones*, 2023 WL 5880152, at *5 (granting motion to dismiss where "[t]here are no allegations to suggest that Plaintiff exercised even the barest of due diligence to preserve his alleged legal right."). Second, Plaintiff fails to plead an extraordinary circumstance that was beyond Plaintiff's control. Plaintiff relies on his alleged limited education and lack of English skills and alleged "lies" by Defendants that Plaintiff was properly classified as an independent contractor. ECF 17 ¶23-24. None of these pled circumstances are extraordinary nor are they beyond his control. Although Defendants' counsel has not located any cases in the FLSA context, in other contexts, numerous courts have held that a lack of English skills and illiteracy are not extraordinary circumstances and do not support a claim for equitable tolling, even at the pleading stage. *See Vasquez v. Kingston*, 422 F. Supp. 2d 1006, 1010 (E.D. Wis. 2006) (granting motion to dismiss petition as untimely filed and finding that the plaintiff's "difficulties with

8

English . . . are not extraordinary circumstances entitling him to equitable tolling.") (citing *Rios v. Alameida*, 102 Fed.Appx. 582, 582-83 (9th Cir. 2004) (court found that petitioner's limited education and the prison's lack of Spanish-language materials and trained Spanish-speaking clerks did not constitute extraordinary circumstances entitling petitioner to equitable tolling)); *Gutierrez v. Harkleroad*, No. 11 C 162, 2011 WL 4023869 (M.D.N.C. Sept. 9, 2011) (collecting cases and finding that holdings are consistent on this issue in the United States Courts of Appeals for the Fifth and Eleventh Circuits (as well as unpublished decisions by the Eighth and Tenth Circuits)).

For example, there are a plethora of attorneys who speak languages other than English and/or translation services available in the Chicagoland area. Further, alleged misclassification and alleged improper employment policies are not an extraordinary circumstance beyond Plaintiff's control that would have prevented him from otherwise diligently pursuing his legal rights. Plaintiff fails to plead that he was stopped from exploring his legal rights or that he took any actions whatsoever or otherwise acted diligently to preserve his legal rights. Despite the lengthy FAC, the underlying claims are not complicated. As explained in *McColley*:

> Employees who worked over forty hours per week and never received overtime in their paychecks, even being thoughtful of the average socioeconomics and sophistication of convenience store managers at Casey's, would know to conduct some reasonable inquiry whether their wages were right if they weren't paid overtime. People aren't so casual with their pay as to ignore this. A cause of action for overtime pay accrues when the employee received less than required by FLSA, regardless of whether the employee has completed a qualitative assessment that a viable claim might be pursued. . . . Ignorance of the law isn't an excuse, and not putting two and two together to understand, or at least to inquire, whether a rather straightforward claim might exist isn't an excuse either.

627 F. Supp. 3d at 980-81. *See also Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 931 (7th Cir. 2015) (affirming dismissal of claims and finding that extraordinary remedy equitable tolling was not sufficiently pled where the plaintiff failed to allege that it acted diligently); *ADR Tr. Corp. v. Wood*, 870 F. Supp. 797, 812 (W.D. Tenn. 1994)

(dismissing claims where the statutes of limitations were not tolled on estoppel grounds stating in part that "plaintiff's ignorance of his cause of action is an excuse such as to toll the statute of limitations only if it persists despite his reasonable diligence to discover his cause of action."). Defendants should not be required to spend further fees and resources to continue to defend claims—and weave through a plethora of irrelevant allegations—that are not ultimately viable. *See Magellan Int'l Corp. v. Salzgitter Handel*, 76 F.Supp.2d 919, 923 (N.D. Ill. 1999). As such, Plaintiff's FLSA, IMWL and ECA claims alleged prior to August 9, 2020, should be dismissed with prejudice as time barred.

## III. MOREOVER, PLAINTIFF'S FLSA COLLECTIVE ALLEGATIONS SHOULD BE STRICKEN OR DISMISSED AS THE FAC MAKES CLEAR THAT CERTIFICATION IS INAPPROPRIATE.

Moreover, in addition to dismissing the entire FAC pursuant to Rule 12(b)(7) and dismissing the time barred allegations, the Court should also dismiss pursuant to Rule 12(b)(6) or strike pursuant to Rule(f)—both undertake generally the same analysis—Plaintiff's FLSA collective allegations[3]. Despite making some modifications to his allegations in light of Defendants' prior motion to dismiss, Plaintiff's FLSA collective allegations still fail.

As early as the pleading stage, facially insufficient collective allegations should be dismissed or stricken. *Potter v. Cardinal Health 200, LLC*, 381 F. Supp. 3d 729, 737 (E.D. Tex.

---

[3] Although Plaintiff filed a motion for FLSA Collective Notice on the same day he filed his original complaint, he did not notice the motion. Defendants' counsel contacted Plaintiff's counsel prior to filing their original motion to dismiss to ask Plaintiff's counsel if Plaintiff opposed a stay on that motion pending the resolution of the original motion to dismiss. Plaintiff's counsel stated that he does not intend to notice the motion for FLSA Collective Notice and also does not oppose a stay. Given Plaintiff's counsel's representations that he does not intend to notice the motion to cause a briefing schedule to be entered, Defendants did not move forward with a motion to stay briefing pending the resolution of the instant motion to dismiss. It is proper for the court to resolve the instant motion to dismiss prior to the pending FLSA Collective Notice motion. *See e.g.*, *Clark v. Pizza Baker, Inc*., No. 2:18-CV-157, 2018 WL 2119309, at *3 (S.D. Ohio May 8, 2018).

2019) (applying *Iqbal's* "plausibility" test and dismissing collective allegations); *Ladik v. Wal-Mart Stores, Inc.*, 291 F.R.D. 263, 269 (W.D. Wis. 2013). In other words, where the complaint itself "make[s] it clear" that collective "certification is inappropriate," then the court should strike the collective allegations at the outset and not "wait for a motion" for certification. *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004). A collective action complaint must create a plausible entitlement to relief *not only* for the named plaintiff but also for the alleged collective. *Potter*, 381 F. Supp. 3d at 738. In short, "there must be some 'factual nexus'" plausible arising from the face of the complaint, that "connect[s] the plaintiff to the putative class members in such a way that they can be treated as one person for the purposes of deciding liability." *Freeman v. Total Sec. Mgmt.-Wis., LLC*, No. 12 C 461, 2013 WL 4049542, at \*5 (W.D. Wis. Aug. 9, 2023); *Beyer v. Michels Corp.*, 21-CV-514-PP, 2022 WL 901524 (E.D. Wis. Mar. 28, 2022) (granting motion to strike and dismissing class and collective allegations for failure to sufficiently plead claim).

First, although under the FAC heading "The FLSA Collective Action" Plaintiff alleges that he is only seeking damages for the collective for those individuals that were "misclassified contractor/employees of Defendant Dynacom LLC., via its shell company Mland" . . . "during the period of three (3) years prior to the date of commencement of this action . . ." (ECF 17 ¶185), in his alleged tolling allegations, Plaintiff inconsistently pleads that he is seeking damages on behalf of himself and the collective back to 2016 (as outlined above). Thus, to the extent Plaintiff seeks tolling on the collective outside of the statute of limitations, Plaintiff's allegations fail to state a claim and should be dismissed or stricken, as equitable tolling is an individualized analysis, based on each individual's actions (as set forth above). *McColley*, 627 F. Supp. 3d at 978-981 ("blithely extending the grace of equitable tolling to a whole swath of putative members who offer no record

of their own diligence would do more injustice than good to FLSA's plain command that the named plaintiff be 'similarly situated' to those within the collective.")

Second, although Plaintiff pleads only about himself, he adds throughout his FAC "and the FLSA collective" or similar phases. Specifically, for example, without any particular examples, "Plaintiff incorporates [his prior allegations] as *many* members of the collective have the same history of working for Defendant DynaCom LLC's successive shell companies." ECF 17 ¶187 (emphasis added), 189. Again, with a broad brush, Plaintiff alleges that the purported collective was "subjective to the same policies of failing to pay overtime wages at overtime rates of pay, rather paying all members of the collective at the straight time rate of pay for overtime hours worked." ECF 17 ¶188. Not only are Plaintiff's allegations vague and broad, but they are conclusory: Plaintiff simply "asserts the 'final and ultimate conclusions which the court is to make in deciding the case'" for the collective. *See Lemon v. Aurora Health Care N. Inc.*, 19-CV-1384, 2021 WL 689550, *6 (E.D. Wis. Feb. 23, 2021); *see also Mell v. GNC Corp.,* CIV.A. 10-945, 2010 WL 4668966, *7-8 (W.D. Pa. Nov. 9, 2010) (granting motion to dismiss collective allegations and finding that "[i]n fact, we cannot even infer from the Amended Complaint that there was a 'mere possibility of misconduct' unless we accept as a 'fact' that Defendants had a policy or practice of requiring their employees to work "off the clock."). Thus, Plaintiff's collective allegations should be stricken or dismissed[4].

---

[4] Also, as Plaintiff pleads there is already a nearly identical collective action pending—"The Lechuga Litigation"—before Judge Seeger, involving the same purported class definition and in which MLand is a named defendant. ECF No. 1 ¶¶86, 90-91. *See e.g.*, *Lechuga v. Mland Maintenance LLC, et al.*, 22-cv-02415, ECF No. 36 ("Plaintiff is similarly situated to all other hourly construction/maintenance workers of Defendants. Plaintiff testifies that Defendants classified other hourly employee/contractors in the same manner, that all contractors/employees were paid overtime in the same manner and the same method as Plaintiff was paid.")

IV.    **FURTHER, IN ADDITION, ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(1) AND 12(B)(6) IN THEIR ENTIRETY BECAUSE PLAINTIFF LACKS STANDING TO SUE EACH DEFENDANT AND FAILS TO STATE A CLAIM.**

In addition to the above stated reasons warranting dismissal, the Court should also dismiss Plaintiff's FAC for the additional reason that he fails to meet his burden to establish standing to sue Defendants. Without this threshold element sufficiently pled, Plaintiff's FAC should be dismissed pursuant to 12(b)(1) for lack of standing and a resulting lack of subject matter jurisdiction. Dismissal is also proper based on Plaintiff's failure to state a claim for the same reasons pursuant to 12(b)(6).

The Supreme Court has ruled that standing is an essential element of subject matter jurisdiction that cannot be waived. *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). Standing is "not [a] mere pleading requirement[] but rather an indispensable part of the plaintiff's case." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The "constitutional minimum" of standing has three elements: (1) the plaintiff must have suffered an invasion of a legally protected interest; (2) the alleged harm must be fairly traceable to the defendant's conduct; and (3) judicial intervention must be capable of redressing the alleged harm. *Lujan*, 504 U.S. at 560. Plaintiff "must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." *O'Shea, et al. v. Littleton, et al.*, 414 U.S. 488, 493 (1974) (citations omitted). In other words, standing requires a concrete adversity between the parties, that is, that each defendant caused each plaintiff's injury and therefore each defendant is the proper party from whom to seek redress. *See Silha*, 807 F.3d at 174-75. In wage and hour cases, an alleged employees' "injuries are only traceable to, and redressable by, those who employed them." *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016). Simply put, Plaintiff fails to survive this challenge to standing (both factual and facial) and lacks subject matter jurisdiction pursuant

13

to Rule 12(b)(1) because he fails to sufficiently plead facts to show or establish that each Defendant had a relationship with and/or employed (assuming *arguendo*, for purposes of this motion) Plaintiff.

First, looking from a 12(b)(1) factual perspective, despite Plaintiff's broad allegations, at no time did Plaintiff work for DynaCom Management, LLC in any capacity—whether as an independent contractor or as an employee. **Exhibit A**, Dec. of Maribel Rodriguez, at ¶1-10. DynaCom Management, LLC is a real estate management firm. *Id.* at ¶9. Plaintiff was never employed in any capacity by and did not have a contractor relationship with DynaCom Management, LLC, and he did not perform any services for the entity in any capacity. *Id.* at ¶5-8. Specifically, DynaCom Management LLC does not employ nor contract with any individuals as construction or maintenance workers—as Plaintiff alleges that he was. ECF No. 1 at ¶24; **Ex. A**, at ¶9-10. DynaCom LLC never issued a Form 1099 or W-2 for Joaquin Nevarez for any alleged work in any capacity at any time. *Id.* at ¶8. Thus, Plaintiff's complaint must be dismissed with prejudice as there is no employer-employee relationship (nor even a contractor relationship) between Plaintiff and DynaCom LLC; and therefore, Plaintiff lacks standing to sue this Defendant. This fatal defect cannot be cured by amendment.

Second, looking from a facial perspective pursuant to both 12(b)(1) and 12(b)(6), Plaintiff does not sufficiently plead that he had an employee-employer relationship under the FLSA, IMWL, or IWPCA with DynaCom LLC. Rather, in Plaintiff's FAC he merely asserts further *conclusions* without any direct factual specifics to show than an employment or a contractor relationship existed with DynaCom LLC (or the Setorks, individually). In fact, the one factual example Plaintiff does provide regarding the payment of his wages, he pleads that the wages were paid via MLand. ECF 17 ¶153-155. Similarly, Plaintiff fails to sufficiently allege that he had a

14

contractual relationship with DynaCom LLC for the purposes of establishing an ECA claim. 820 ILCS 115/2. While Plaintiff does plead additional allegations in his FAC, the pleading is insufficient as such allegations are simply conclusions. Many of Plaintiff's allegations continue to be asserted against all Defendants[5], elsewhere referring only to a single Defendant without specification, and referring to non-defendants. While Plaintiff now pleads that MLand was his "direct employer", he at the same time alleges that DynaCom LLC was the "actual" employer and elsewhere pleads that they are "joint employers" (along with other entities as alleged joint employers). ECF 17 ¶¶60, 85-86, 92-94. Plaintiff's pleading is confusing at best, due to his attempts to avoid naming MLand as a defendant in this action. *See Davis v. Abington Mem'l Hosp.*, 817 F.Supp.2d 556, 563–64 (E.D. Pa. 2011) (failed to allege an employment relationship where complaint did not plead facts that identified which defendants primarily employed each plaintiff, such as "to which [defendants] they reported each day; from whom they received their paycheck; information about who, specifically, set their rate of pay and other conditions of employment; or who directly supervised their employment."); *Hughes v. Scarlett's G.P., Inc.*, 15-CV-5546, 2016 WL 454348, at *3 (N.D. Ill. Feb. 5, 2016) (dismissing claim for failure to plead an employment relationship where the plaintiffs alleged that the defendants, as a collective enterprise, "manage all aspects of the business operation" and "dictate" applicable policies). Similarly, even under the ECA, "Plaintiffs must first establish that [Defendant] employs them before this rebuttable presumption as to their status as employees comes into play." *Zampos v. W & E Commun., Inc.*, 970 F. Supp. 2d 794, 806 (N.D. Ill. 2013).

---

[5] For example, Plaintiff alleges that "[i]n approximately 2007 Defendants decided to insulate their bad acts by creating a shell company, Allen Construction." ECF 17 ¶127. Yet, Plaintiff also pleads that named Defendant DynaCom LLC did not come into existence until 2018. ECF 17 ¶108. These types of overly broad, often inconsistent allegations are pled throughout Plaintiff's FAC, resulting in less than a clear picture as to whether a valid claim is pled against the named defendants.

As to his allegations against the individual defendants, Plaintiff continually makes allegations against "the Setorks" and "Ali Setork and Mina Setork" without specifying who (which Setork) made decisions, or who actually took *any particular actions* and on behalf of which entity they were acting at the time. As to his allegations against the individual defendants, Plaintiff continually makes allegations against "the Setorks" and "Ali Setork and Mina Setork" without specifying who (which Setork) made decisions, or who actually took *any particular actions* and on behalf of which entity they were acting at the time. This deficiency is exacerbated by the overly broad complaint allegations, blending of numerous entities (many of which are not named defendants, yet referred to as defendants in various places), and conclusory statements that compromise Plaintiff's FAC. *See* ECF No. 17 ¶¶103-106, 116-125. *See Hughes,* 2016 WL 454348, at *3. *See e.g.*, *Ivery v. RHM Franchise Corp.*, 280 F. Supp. 3d 1121, 1129 (N.D. Ill. Dec. 8, 2017) (joint allegations against three related defendant entities that did not specify which entity hired, paid, or directly supervised plaintiff failed to establish joint-employer relationship under the FLSA and IMWL); *Bohr v. Corrigan Moving Sys.*, Case No.: 09-C-4281, 2009 WL 3517748, at *1-2 (N.D. Ill. Oct. 29, 2009) (granting motion to dismiss where plaintiff failed to adequately plead that defendant was an "employer" where plaintiff named individual defendant based solely on his managerial position).

Plaintiff's failure to concisely plead and clearly state a valid cause of action against each named defendant hinders the named Defendants' ability to ensure that they have addressed all proper defenses. Thus, Plaintiff's FAC should be dismissed pursuant to Rule 12(b)(6).

## V.   LASTLY, IN ADDITION, PLAINTIFF'S IWPCA CLAIM (Count III) SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) AS PLAINTIFF FAILS TO STATE A CLAIM.

In addition to the reasons stated above warranting dismissal, *even assuming an employment*

*relationship for purposes of this argument only*, in order to properly plead a claim pursuant to the IWPCA, Plaintiff must plead (and ultimately prove) that he had a valid contract or agreement for the specific work and payment. 820 ILCS 115/2. It "is well established that an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed." *Brown v. Lululemon Athletica, Inc.*, 10-cv-05672, 2011 WL 741254, at *3 (N.D. Ill. Feb. 24, 2011) (dismissing IWPCA claim and finding that the plaintiff's allegation that the defendant failed to pay her for "all hours worked" was insufficient to state an IWPCA claim for uncompensated time performing activities ancillary to her job).

Here, Plaintiff's allegations relating to his IWPCA claim boil down to that he was hired at a certain rate of pay and expected to be paid that rate "for all hours worked". However, as case law establishes merely having a working relationship at some rate of pay is insufficient to establish an agreement for purposes of an IWPCA. *See also Smith v. C.H. James Rest. Holdings, L.L.C.*, 11-cv-5545, 2012 WL 255806, at *2 (N.D. Ill. Jan. 26, 2012) ("To conclude that [plaintiff] had some sort of informal agreement with Defendants merely by working for them would render moot the rule that the IWPCA does not provide an independent substantive right to pay absent some agreement."). In addition, case law provides that an alleged agreement to be paid for "all hours worked" is not sufficient to plead a cause of action pursuant to the IWPCA. *See Jaramillo v. Garda*, Inc., 12 C 662, 2012 WL 1378667, at *2 (N.D. Ill. Apr. 20, 2012) (granting motion to dismiss for failure to plead a valid IWPCA claim where the plaintiffs alleged that "Plaintiffs and Defendants entered into an agreement to pay Plaintiffs . . . as non-exempt employees for all the time they worked . . . ."); *Brand v. Comcast Corp.*, 12-cv-1122, 2013 WL 1499008, at *8 (N.D. Ill. Apr. 11, 2013) (finding that the "complaint itself must contain sufficient factual detail to describe the

parameters of the contract" (internal citation and quotations omitted)). Further, Plaintiff's own allegations that all "Defendants" had any sort of alleged agreement regarding rate of pay and/or overtime based on that rate, are contradicted by his own allegations of "intentional" misclassification and non-payment of overtime. ECF No. 17 ¶23-25, 55-56.

Plaintiff more specifically alleges that he was not paid *any* wages for a week of work in March 2021 and for alleged work from which he was allegedly injured[6]. ECF 17 ¶9, 13. However, assuming Plaintiff's allegations are true, his allegations merely repackage requirements of the FLSA and IMWL, that he is paid at least the minimum wage and overtime for hours worked. Plaintiff admits this. ECF 17 ¶15. *See Brand*, 2013 WL 1499008, at *8 (court granted the defendant's motion to dismiss IWPCA claim where plaintiff "merely repackage[d] [its] already-plead FLSA and IMWL claims" for alleged unpaid compensation because plaintiff did not sufficiently allege an agreement to pay wages); *Palmer v. Great Dane Trailers*, No. 05-cv-1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005) (dismissing plaintiff's IWPCA claim where she failed to allege an agreement required her employer to pay overtime). "[T]here is no indication . . . that the Illinois legislature or courts have considered the IWPCA an appropriate mechanism for enforcing [] wage laws." *Jaramillo*, 12-cv-662, 2012 WL 1378667, at *2; *Skelton v. Am. Intercont, Univ. Online*, 382 F. Supp. 2d 1068, 1074-75 (N.D. Ill. 2005) (rejecting IWPCA claim for overtime wages where no contract or agreement required such wages). Thus, the Court should dismiss Plaintiff's IWPCA claim (Count III).

**WHEREFORE**, Defendants respectfully request that this Court enter an Order dismissing Plaintiff's First Amended Complaint in its entirety. In addition, Defendants respectfully request

---

[6] Although it is not clear at this time based on Plaintiff's pleading, if Plaintiff's allegations are true, his claims may be preempted by the Illinois Workers' Compensation Act.

18

that this Court enter an Order awarding any such other relief to Defendants as justice requires.

Date: November 30, 2023                 Respectfully submitted,

**DYNACOM MANAGEMENT, LLC; ALI SETORK; AND MINA SETORK**

By:     <u>/s/</u> **Stephanie M. Dinkel**
         Stephanie M. Dinkel, Esq.
         Koehler Dinkel LLC
         900 S. Frontage Rd., Suite 300
         Woodridge, Illinois 60517

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 30, 2023, she electronically filed the forgoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT IN ITS ENTIRETY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

> John Craig Ireland
> The Law Firm of John C. Ireland
> 636 Spruce Street
> South Elgin, IL 60177
> Email: atty4employees@aol.com

> /s/ Stephanie M. Dinkel
> Stephanie M. Dinkel, Esq.
> Koehler Dinkel LLC
> 900 S. Frontage Road, Suite 300
> Woodridge, Illinois 60517
> Telephone: (630) 505-9939
> E-mail: sdinkel@kdllclaw.com