## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Joaquin Nevarez, ) | |
|     Plaintiff, ) | |
| ) | Case No.: 1:23-cv-05248 |
| v. ) | |
| DynaCom Management, LLC., ) | Honorable Jeremy C. Daniel |
| Ali Setork and Mina Setork, Individually ) | |
|     Defendants. ) | |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT IN ITS ENTIRETY

NOW COME Defendants by and through their attorneys, Koehler Dinkel LLC, hereby present the following Reply in Support of their Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), Defendants reply as follows:

### INTRODUCTION

Defendants' Motion to Dismiss should be granted, for the reasons stated in its Memorandum of Law (ECF No. 23) and further supported herein. To recap, first, Defendants' Motion should be granted pursuant to Rule 12(b)(7) for failure to join a necessary party. Additionally, second, Plaintiff's FLSA (Count I), IMWL (Count II), and ECA (Count IV) claims should be dismissed as time barred to the extent they are alleged prior to August 2020. Third, Plaintiff's collective allegations should be stricken or dismissed for a failure to plead a claim. Fourth, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) for a lack of standing and resulting subject matter jurisdiction due to the lack of an employment relationship and 12(b)(1) and (b)(6) for a failure to properly plead any such alleged relationship. Lastly, Plaintiff's IWPCA claim (Count III) should also be dismissed for failure to state a claim.

1

**ARGUMENT**

I. **THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(7) FOR FAILURE TO NAME AN INDISPENSABLE PARTY.**

Plaintiff's FAC should be dismissed pursuant to 12(b)(7) for failure to join a necessary party—MLand Maintenance, LLC ("MLand")—in accordance with Rule 19(a). As argued in their Memorandum of Law in support of their Motion, Plaintiff's response clarifies that the sole reason he did not name MLand in this action was to avoid the implications of MLand's bankruptcy. Plaintiff does not dispute that MLand cannot be served in this jurisdiction, as he has done so in two other cases. *Rodriguez v. DynaCom Mgmt. LLC et al.*, 23-cv-02893 (Rowland, J.); *Lechuga v. DynaCom Mgmt. LLC et al.*, 22-cv-02415 (Seeger, J.). However, Plaintiff alleges that MLand cannot be joined because it would destroy this Court's subject matter jurisdiction. If this is the case, as Plaintiff alleges, and MLand is a necessary party, the matter should be evaluated under Rule 19(b), and consistent with Plaintiff's arguments in *Lechuga*, should be dismissed (as Plaintiff has other adequate remedies). *See Lechuga v. DynaCom Mgmt. LLC et al.*, 22-cv-02415, ECF No. 142.

Plaintiff cites *Askew*, and although the court in *Askew* restates Rule 19(a)(1) that "joinder will not deprive the court of subject-matter jurisdiction", *Askew* does not address whether a bankruptcy stay removes subject-matter jurisdiction from this court. *See Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 635 (7th Cir. 2009). Further, Plaintiff's citations to *Davis* and *Pasco* are also factually distinguishable from the case here. ECF No. 28 at p. 8. Although Plaintiff acknowledges that these cases brought claims against "diverse defendants" and alleges "that is what he has opted to pursue here" (*Id.*), Plaintiff does not plead diversity jurisdiction as the basis of the claims before this court (nor could he), rather he pleads original jurisdiction (28 U.S.C. 1337), federal question jurisdiction (28 U.S.C. 1331), and supplemental jurisdiction (28 U.S.C.

2

1367(a)). ECF No. 17 ¶¶40, 42. Since Plaintiff does not plead diversity jurisdiction and there are no allegations that joining MLand would somehow destroy diversity jurisdiction, Plaintiff's argument that joining MLand would deprive him of this forum as set forth in *Davis* and *Pasco* is inapposite. Further, in *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001), the Seventh Circuit held that "a contracting party is the paradigm of an indispensable party." Further, although in *Davis* the alleged necessary party was not a party to the contract, here (although Plaintiff tries to plead around it) MLand is signatory to Plaintiff's contractor agreement and/or alleged offer of employment and paid the alleged compensation. ECF No. 17 ¶6 "via MLand", 11-12, 17-18, 60, 75, 78, 154-155; ECF No. 4-1, pgs. 10-21 (Plaintiff's compensation records from MLand). Thus, if the Court ultimately rules that Plaintiff was misclassified, damages would be awarded against MLand. Further, unlike in *Davis*, MLand is directly involved in this matter, as alleged by Plaintiff in his FAC. Additionally, the Court in *Davis* even goes so far to distinguish itself from the case here—and further supporting that MLand is a necessary party—by stating that "this is not a case where a judgment imposing liability on the [unnamed party, i.e. MLand] to the [named party, i.e. DynaCom and the Setorks] necessarily implies that the [unnamed party, i.e. MLand] is also liable . . . ." *Id.* at 485. However, here because Plaintiff alleges various allegations such as they are a common enterprise, they are the same entity, MLand is a shell of DynaCom, they are joint employers (*See e.g.*, ECF No. 17 ¶6, 60, 61, 75, 78, 82, 84, 85, 92, 98, 139, 145, 154, 155-157, 185, 187, 194)—based on Plaintiff's allegations any liability imposed on DynaCom necessarily imposes liability on MLand.

Plaintiff also cites *In Re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993), for the proposition that "the issues did not draw him into the case"; however, as alleged in the FAC and as briefed as part of Defendants' Motion, the issues in this case draw in MLand. Further, the block quote from *Witner*

3

focuses on the relationship between entities and does not address a contractor, employee-employer, or joint employer relationship—which focuses on the relationship of the entities with Plaintiff.

Second, Plaintiff alleges that even if jurisdiction remains when joining MLand, that MLand is not an indispensable party under Rule 19 because "Dynacom (and the Setorks) actually made that decision on how to classify Plaintiff's employment, **not Mland**" and Mland is an "empty shell". ECF No. 28, p. 6. Yet, Plaintiff *pleads* in his FAC that "MLAND MISCLASSIFIES PLAINTIFF" and MLand was the "direct employer". *See* ECF No. 17 ¶¶6, 85, 139. Further, Plaintiff pleads in his FAC that MLand had a compensation agreement with Plaintiff and that "Mland and DynaCom LLC, are/were joint employers of Plaintiff". ECF No. 17 ¶¶ 17-18, 60. Although Plaintiff claims that his FAC is detailed, there are numerous inconsistencies within the FAC, which are further complicated by Plaintiff's inconsistent statements in his Response. Nonetheless, Plaintiff fails to address each of the components of Rule 19(a)(1) expressly stated and followed by Defendants, does not distinguish the case law cited by Defendants (granting motions to dismiss[1]), and merely makes conclusory statements that "[n]othing Defendants cites [sic] shows the need for Mland as an indispensable party." ECF No. 28, p. 6.

In reference to Rule 19(a)(i), Plaintiff claims that Defendants fail to state how "full relief will not be possible" in accordance with 19(a). However, Plaintiff ignores Defendants argument that complete relief cannot be accorded without Mland, as it was the entity Plaintiff contracted with, as the alleged direct "employer", and the entity that Plaintiff pleads allegedly misclassified him. *See e.g.*, ECF No. 17 ¶¶ 6, 84-85, 139.

Additionally, Plaintiff's own statements show that MLand is a necessary party. For

---

[1] For example, Plaintiff fails to address *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990) (affirming district court's granting of motion to dismiss where the plaintiff failed to join party indispensable party). *See also Magleby Constr. Sun Valley, LLC v. SP Hotel Owner LLC*, CV 22-58-BU-DLC, 2023 WL 5510601, *3-4 (D. Mont. Aug. 25, 2023) (granting motion to dismiss complaint pursuant to Rule 12(b)(7)).

example, Plaintiff does not dispute that MLand is the entity that paid him, nor does he dispute that the format of the compensation paid to Plaintiff by MLand is the underlying dispute at hand in this action. Rather, Plaintiff simply responds that since he has the compensation documents from the *Lechuga* matter "there is no need for MLand to produce them" in this action.[2] ECF No. 28 at p. 6. Plaintiff's statements that he already has his payroll documents is a red herring because "having documents" is not an element of a Rule 12(b)(7) or Rule 19 analysis. Further, "having documents" from MLand, which it appears that Plaintiff intends on relying on, only further bolsters Defendants' argument that MLand is indispensable party. As the MLand documents show, MLand paid Plaintiff's compensation—the format of the compensation which is the basis of this entire case. ECF 17 ¶153-155. Moreover, it is not merely that MLand is named in two other litigations filed by Plaintiff's counsel, but the similar allegations pled focusing on MLand's relationship to the similar claims which further shows indispensability.

Plaintiff also does not dispute that he seeks a "declaratory judgment under 28 U.S.C. §§ 2201 and 2202" (ECF 17 ¶39) and a "declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act" and "Illinois Minimum Wage Act" among other relief relating to wages paid and related damages under the IWPCA and ECA. A declaratory or other judgment against the currently named Defendants does not satisfy the issues or provide full relief to Plaintiff as Mland—the entity that "misclassified" him and paid the compensation at issue—is not named. Therefore, Plaintiff must seek relief from MLand and full relief will not be possible as alleged against the currently named Defendants. Plaintiff does not respond to nor address

---

[2] Plaintiff alleges in his "Preliminary Statement" that Defendants' "inappropriately file documents allegedly 'proving' their case, again prior to verification of the documents and facts." However, Defendants did not file any "documents" but rather referred to Plaintiff's MLand compensation documents, which he previously filed on the docket. Further, in ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence. *See English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993); *Capitol Leasing Co. v. Fed. Dep. Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993).

Defendants' argument in support of its Motion pursuant to Rule 19(a)(1)(B)—as such, any argument in opposition is waived. ECF No. 23 pp. 5-6. *See e.g.*, *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss"); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument ... results in waiver."). Thus, MLand is a necessary party.

Lastly, should the Court find that joinder is not feasible due to the current bankruptcy stay, pursuant to Rule 19(b), the Court must determine whether the action should continue or be dismissed. Fed. Rule Civ. P 19(b). Regarding the factors set forth under 19(b), like Defendants' arguments set forth in support of 19(a)(1)(B) to which Plaintiff did not respond, even if this court finds that Plaintiff can seek relief from the named Defendants, Plaintiff's relationship and contractor status with and resulting compensation from MLand is the principal issue in this case for imposing liability on Defendants—making MLand a necessary party. As such, without MLand as a named Defendant, MLand will be unable to protect its interest. Specifically, if it is not a party in this action, MLand cannot defend itself as to Plaintiff's allegations of the existence of an alleged employment relationship (and not a contractor relationship) with Plaintiff, or a "joint employer" relationship with the named Defendants (and non-named defendants), nor can it address Plaintiff's request for relief of "declaratory judgment" among other factors (nor would any "declaratory judgment" ultimately effect the direct alleged employer). Further, despite Plaintiff essentially pleading that DynaCom and MLand are one in the same and that any work for MLand is work for DynaCom, to defend against these claims without MLand present hinders both DynaCom and MLand's interests. If this matter proceeds without MLand, it will disregard the separate legal corporate structures of each entity—as DynaCom and MLand are not the same company. This

analysis is even more important here as Plaintiff alleges *collective* allegations against Defendants based off of an alleged "misclassification by MLand."

Additionally, if MLand is not a party in this lawsuit and the lawsuit continues, it could lead to double, multiple, or otherwise inconsistent obligations for both DynaCom LLC and MLand. This element is of particular importance in this matter as the same claims are asserted in two additional lawsuits which are not simply hypothetical but are active cases—*Rodriquez v. DynaCom Mgmt. LLC et al.*, 23-cv-02893 (Rowland, J.) and *Lechuga v. DynaCom Mgmt. LLC et al.*, 22-cv-02415 (Seeger, J.) (pled collectively)—both in which Defendants and MLand are named and faced with defending similar allegations.

Moreover, Plaintiff seems to acknowledge that there are other remedies for him to seek relief against MLand such as in the bankruptcy court in Delaware (as noted above) but claims he cannot afford to do so. ECF No. 28 at p. 7. This does not change that Plaintiff asserts other known avenues to seek relief—which is a factor that weighs in Defendants' favor. Moreover, there was (and likely is) nothing preventing Plaintiff from opting into the FLSA collective action pled against Defendants (including MLand) in the *Lechuga* matter pending before Judge Seeger (which would cost him nothing).

**II.   THE COURT SHOULD GRANT DEFENDANTS' MOTION AND DISMISS PLAINTIFF'S FLSA (Count I), IMWL (Count II), AND ECA (Count IV) CLAIMS ALLEGED PRIOR TO AUGUST 2020, AS THEY ARE TIME BARRED.**

First, Plaintiff's allegation that the Court somehow already ruled on this argument or Plaintiff's motion for leave to amend was granted over objections regarding tolling is a misrepresentation. Rather, the Court questioned Plaintiff's need for seeking leave, given the timeframe and it was his first amendment. Defendants' counsel pointed out that the Court could either rule on the arguments in opposition to the motion for leave to amend or the Court could grant the motion for leave and Defendants would file a second or renewed motion to dismiss.

7

Given Plaintiff arguably had a right to amend, the Court opted for the second procedural option and in so doing denied the first motion to dismiss as "moot." ECF No. 18.

Plaintiff argues that simply pleading that a poster was not posted is enough to plead equitable tolling without any further limitations whatsoever. Although Plaintiff claims that Defendants did not address the caselaw cited by Plaintiff in his FAC and in so doing allegedly did not act with candor, such cases are summary judgment cases and do not address what constitutes a proper pleading standard, nor is it clear whether the issue of diligence was raised earlier in litigation. *See Young Chul Kim v. Capital Dental Tech., Lab.*, 279 F. Supp. 3d 765 (N.D. Ill 2017) and *Cortez v. Medina's Landscaping, Inc.*, No. 00-cv-6320, 2002 WL 31175471 (N.D. Ill. Sept. 30, 2002) ("*Cortez*"). In addition, *Cortez*, explains that tolling only suspends "for a reasonably necessary period time" and goes on to state that "it may take the plaintiff years to discovery the legal (rather than factual) basis for his claim is normally irrelevant. Plaintiffs have a duty to figure out the law on their own" thus, implying some form of diligence must exist. *Id.* at *4.

Plaintiff does not distinguish the case law cited by Defendants except to claim that there are "two types of tolling" and that this type does not require any sort of diligence on the plaintiff's behalf. However, as the recent opinion from the Northern District of Indiana explains, equitable tolling is an extraordinary remedy that requires a very individualized analysis and must be applied on a plaintiff-by-plaintiff basis. Thus, whether the issue is the alleged lack of a poster or a court's delay in ruling on collective certification motion the difference should be without effect—as in both instances, the plaintiff could have filed their own lawsuit at any time. *McColley v. Casey's General Stores*, 627 F. Supp. 3d 972, 978 (N.D. Ind. 2022) ("The standard for equitable tolling focuses on an individual's diligence[.] . . . "[T[hat is particularly sound in an FLSA collective action when each individual must choose to join the collective by affirmatively filing a notice

8

expressing that wish, or alternatively filing his own suit within the limitations period.") It is only when the plaintiff pleads (and ultimately proves) that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way to prevent timely filing" that the court may consider the extraordinary remedy of equitable tolling. *Id.; see* ECF No. 23 pp. 7-10. However, here, Plaintiff admits he does not plead that he acted diligently or that any extraordinary circumstance stood in his way—rather, he claims that it is not necessary to plead such facts. *See Id.* (denying motion for equitable tolling and holding that "[i]f individuals wanted, they could have pursued their rights—if they exercised reasonable diligence.") Thus, given that Plaintiff does not plead the elements of equitable tolling, his claim should be dismissed.

Lastly, even assuming Plaintiff's position, the "failure to post notices tolls the charge-filing period 'only until the employee acquires general knowledge of his right[s]'" *See Cortez v. Medina's Landscaping, Inc.*, No. 00-cv-6320, 2002 WL 31175471, at *3 (N.D. Ill Sept. 30, 2002) (internal citation omitted). As the court noted in *Cortez*, the "burden is not a heavy one" for an employer to show that the former employee was generally aware of their rights or soon became aware. *Id.* at *4. Here, Plaintiff pleads that he was not aware of his rights until his employment ended in March 2021 (ECF 17 ¶22(a)(i), 68), yet, Plaintiff failed to file his Complaint until on or around August 9, 2023, *over two years later*, still exhausting a vast portion of the applicable statutes of limitations (if not all with regard to the FLSA). Thus, even assuming for purposes of this argument that Plaintiff did not become aware of his rights until March 2021—at that point, in March 2021, any applicable tolling halted, and Plaintiff had an obligation to pursue his rights. But he failed to do so until two years later; thus, at best based on his FAC allegations, Plaintiff may

only pursue claims for the three year prior to filing his Complaint.[3] Thus, the Court should grant Defendants' Motion.

### III. THE COURT SHOULD GRANT DEFENDANTS' MOTION AND STRIKE OR DISMISS PLAINTIFF'S FLSA COLLECTIVE ALLEGATIONS AS THE FAC MAKES CLEAR THAT CERTIFICATION IS INAPPROPRIATE.

The Court should grant Defendants' Motion to Dismiss or Strike Class Allegations for several reasons. First, despite claiming a duty of candor on behalf of Defendants, Plaintiff ignores much of the case law cited by Defendants that states that tolling on a collective basis is not proper. *See e.g.*, *McColley*, 627 F. Supp. 3d at 978. Second, although Plaintiff infers that Defendants only cited two cases in support of their argument that Plaintiff's collective claims are insufficiently pled and conclusory, this is not accurate. *See* ECF No. 23 at pp. 10-12. Moreover, even one of the cases cited by Plaintiff explains that striking collective allegations at the pleading stage is appropriate in certain circumstances. *See Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) (court granted defendant's motion to strike class allegations).

Further, Plaintiff's inquiry as to how *Lemon v. Aurora Health Care N. Inc.*, 19-CV-1384, 2021 WL 689550, *6 (E.D. Wis. Feb. 23, 2021) applies to this matter is explained in Defendants' Memorandum. *In Lemon*, a court from within our Circuit, explained what it means for an allegation to be conclusory; an allegation is conclusory when it asserts "the final and ultimate conclusion

---

[3] Moreover, to the extent Plaintiff alleges in his Response that the statute of limitations is tolled until plaintiff becomes generally aware of his rights, Plaintiff admits in his Declaration filed on the docket ECF No. 4-1, ¶¶23-24 that he was aware of his right to overtime during his employment (which would then be prior to March 2021). Specifically, Plaintiff states, "we have talked about the lack of payment of overtime wage at overtime rates of pay on some occasions over my many years of work for Defendant DynaCom and with my co-workers" and that "[w]e as co-workers would discuss the lack of overtime wages payment and that such payment was not right." Plaintiff incorporates his Declaration into his FAC at ¶186, and therefore it is incorporated by reference and proper for consideration in ruling on a 12(b)(6) motion. Further, the issue of whether Plaintiff had awareness of overtime/his alleged right to overtime is central to his claims—both tolling individually and on a collective. *See Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687 (7th Cir. 2012) ("In effect, the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment.")

10

which the court is to make in deciding the case for him[.]" Thus, although Plaintiff's FAC is lengthy and provides a plethora of conclusions, he pleads insufficient facts to support the ultimate conclusions.

Additionally, although Plaintiff claims that Defendants ignored cases holding the opposite, the other cases cited by Plaintiff do not mandate a denial of Defendants' motion, but rather explain that in those instances (often not even a wage and hour case) the courts declined to dismiss or strike allegations and/or are otherwise distinguishable from Defendants' argument. *See e.g.*, *Santigao v. RadioShack Corp.*, No. 11 C 3508, 2012 WL 934524, at *4 (N.D. Ill. Feb. 10, 2012) (court determined that based on the specific details of the case that it "was not prepared to strike the allegations"); *Boatwright v. Walgreens Co.*, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011) (in evaluating motion brought pursuant to Rule 23, finding that it was premature to evaluate class status and that Rule 23 did not provide a basis to strike class allegations at that stage); *Worix v. Medassets, Inc.*, 869 F.Supp.2d 893, 901 (N.D. Ill 2012) (SCA and ICFA case, finding class allegations would be stricken based on an argument that individual issues predominate over common questions of law); *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) (TCPA case, evaluating whether class case was moot upon full relief payment to named plaintiff and overruled at least in part); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001) (involving class certification motion, not motion to dismiss). Thus, given Plaintiff's conclusory allegations, the Court should grant Defendants' motion.

**IV.    THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AS PLAINTIFF LACKS STANDING TO SUE EACH DEFENDANT AND FAILS TO STATE A CLAIM.**

Plaintiff incorrectly states that the Declaration filed in support of its Motion pursuant to Rule 12(b)(1) for a lack of standing and resulting lack of subject matter jurisdiction converts the motion to Rule 56 Motion for Summary Judgment. However, Defendants do not utilize the

Declaration in support of their motion under 12(b)(6). Case law provides that a court may go outside the pleadings and look to extrinsic evidence for a motion to dismiss pursuant to Rule 12(b)(1) (factual challenge), without converting the motion to a Rule 56 Motion for Summary Judgment—which is the type of challenge set forth (and clearly labeled) in Defendants' Memorandum. *See Silha v. ACT, Inc.*, 807 F.3d 169, 170 (7th Cir. 2015).

Plaintiff does not present any evidence to refute the statements in Maribel Rodriguez' Declaration regarding the fact that Plaintiff was not employed in any capacity by and did not have a contractor relationship with DynaCom Management, LLC, and he did not perform any services for the entity. ECF No. 23-1, Ex. A. From a Rule 12(b)(1) (factual attack) perspective, the Declaration is unrebutted and therefore shows Plaintiff's lack of standing to sue DynaCom LLC.

Similarly, looking from a 12(b)(1) (facial attack) and 12(b)(6) perspective (not relying on the Declaration), Plaintiff does not dispute the pleading deficiencies raised in Defendants' Memorandum regarding the lack of a properly pled relationship for his claims against all Defendants. ECF No. 23, p. 15-16. Except, that Plaintiff alleges that his claims should survive as he sufficiently pleads a joint employment relationship with DynaCom (not addressing the deficiencies with the Setorks, individually). Contrary to Plaintiff's statement that Defendants ignored this, Defendants addressed "joint employment" in their Memorandum explaining that the allegations were conclusory, and the premise of a joint employer relationship is not the relationship between the entities but the entities relationship with the Plaintiff. ECF No. 23, p. 15. Further, Plaintiff failed to address the raised deficiency of Plaintiff's conflicting and confusing statements asserted against all Defendants, elsewhere referring only to a single Defendant without specification, and referring to non-defendants; and stating that MLand was his direct employer, then DynaCom LLC was the "actual" employer and later that they are "joint employers". *See* ECF

12

No. 17 including ¶¶60, 85-86, 92-94. Not only is the term "actual" not part of the joint employer analysis, but plaintiff also now seems to be arguing in his Response that DynaCom was the direct employer, which is also contrary to pleading a joint employer relationship. For one example, Plaintiff states in footnote 1 that he pled "direct employer" "but now questions what that means." Plaintiff goes on to state that "if amendment is needed, Plaintiff will plead that DynaCom is the direct employer." ECF No. 28 p. 6, n.1. This alone calls into question whether Plaintiff's claims are properly plead and should warrant dismissal. *See e.g.*, *Hughes v. Scarlett's G.P., Inc.*, 15-CV-5546, 2016 WL 454348, at *3 (N.D. Ill. Feb. 5, 2016) (dismissing claim for failure to plead an employment relationship where the plaintiffs alleged that the defendants, as a collective enterprise, "manage all aspects of the business operation" and "dictate" applicable policies); *Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9-10 (1st Cir. 2012) ("some direct employer needs to be identified before anyone in a group could be liable" on a joint-employer theory). Moreover, although Plaintiff attempts to distinguish *Ivery*, the Court in *Ivery* explains that before you can plead a joint employment relationship you have to identify the direct employer. *Ivery v. RHM Franchise Corp.*, 280 F. Supp. 3d 1121, 1129 (N.D. Ill. Dec. 8, 2017) (joint allegations against three related defendant entities that did not specify which entity hired, paid, or directly supervised plaintiff failed to establish joint-employer relationship under the FLSA and IMWL). Here, although Plaintiff now alleges that MLand is the direct employer, at the same time he claims DynaCom is the "actual" employer – and still at the same time says DynaCom was a joint employer. *Yet,* also, now alleges in Footnote 1 as stated above, that he does not know what his pleading means and should change it. Further, although Plaintiff does not address all of the case law cited by Defendants in support of their lack of standing and similar failure to plead argument, Plaintiff's attempt to distinguish *Berger* fails. *Berger* is directly on point as it holds that in a wage

13

action, an alleged employees' "injuries are only traceable to, and redressable by, those who employed them." *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016). Overtime claims are not complex cases, but Plaintiff's 49 page 233+ allegation FAC, is unorganized, inconsistent, and generally conclusory.

**V. LASTLY, THE COURT SHOULD GRANT DEFENDANTS' MOTION AND DISMISS PLAINTIFF'S IWPCA CLAIM (Count III) AS PLAINTIFF FAILS TO STATE A CLAIM.**

Plaintiff confirms that Defendants' understanding of his IWPCA claim is correct—that he is seeking pay for all hours worked at a set rate of pay. It appears that Plaintiff's entire claim is based off an alleged failure to pay $1660.00 for work in March 2021 (¶9) and an alleged failure to pay an unspecified amount for cleaning a parking lot during "one winter months" (¶13).

Although cases vary factually, generally an at-will employment relationship is not enough to bring a claim pursuant to the IWPCA (which is what Plaintiff would like the court to find that he had with Defendants, instead of a contractor relationship). *See Silver v. Townstone Fin., Inc.*, No. 14-CV-1938, 2015 WL 1259507, at *3 (N.D. Ill. Mar. 17, 2015). The two cases cited by Plaintiff are factually distinguishable as both address bonuses/commissions, not an alleged agreement for wages for all hours worked. *See Zabinsky v. Gelber Grp., Inc.*, 347 Ill.App.3d 243 (1st Dist. 2004) (jury issue existed regarding whether agreement to pay bonus existed); *Landers-Scelfo v. Corporate Office Sys., Inc.*, 356 Ill.App.3d 1060 (2nd Dist. 2005).

Even assuming the Court finds that if an at-will relationship existed, it is enough to satisfy the IWPCA, Plaintiff's pleading is lacking. First, Plaintiff pleads that "via MLand" the Defendants "offered to pay Plaintiff for all hours worked" and that they "misclassified Plaintiff in his employment, also via it's shell company MLand." ECF No. 17 at ¶6. At best, this may implicate MLand, but not the named Defendants. Moreover, Plaintiff pleads no specifics of that alleged

14

agreement prior to January of 2021, when he [now failing to refer to MLand at all yet building off the alleged prior agreement] alleges that the named Defendants offered a rate of $17.30 (increased from his prior rate, without specifics as to when any alleged prior rate applied). ECF No. 17 ¶6-7. Thus, although Plaintiff's unartful pleading should result in dismissal of the claim as a whole, at a minimum, Plaintiff fails to state a claim for any alleged IWPCA agreement prior to January of 2021. As such, any alleged claim for an unspecified amount for cleaning a parking lot "one winter months" should be dismissed. Further, to the extent Plaintiff is claiming that any of the above periods of time are overtime, such claim fails as he does not plead that there was any agreement for alleged overtime compensation. *See Silver*, 2015 WL 1259507, at *3.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order dismissing Plaintiff's FAC in its entirety. In addition, Defendants respectfully request that this Court enter an Order awarding any such other relief to Defendants as justice requires.

Date: January 19, 2024  Respectfully submitted,

**DYNACOM MANAGEMENT, LLC; ALI SETORK; AND MINA SETORK**

By: /s/ **Stephanie M. Dinkel**
Stephanie M. Dinkel, Esq.
Koehler Dinkel LLC
900 S. Frontage Rd., Suite 300
Woodridge, Illinois 60517

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 19, 2024, she electronically filed the forgoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT IN ITS ENTIRETY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

> John Craig Ireland
> The Law Firm of John C. Ireland
> 636 Spruce Street
> South Elgin, IL 60177
> Email: atty4employees@aol.com

> /s/ Stephanie M. Dinkel
> Stephanie M. Dinkel, Esq.
> Koehler Dinkel LLC
> 900 S. Frontage Road, Suite 300
> Woodridge, Illinois 60517
> Telephone: (630) 505-9939
> E-mail: sdinkel@kdllclaw.com